Thomas S. CLIFTON, Sr., Plaintiff,

v.

Anthony J. CELEBREZZE, Secretary of Health, Education and Welfare, Defendant.

Civ. A. No. AC–1459.

United States District Court
E. D. South Carolina,
Aiken Division.

June 3, 1965.

Sol Blatt, Jr., Blatt & Fales, Barnwell, S. C., for plaintiff.

Wistar D. Stuckey, Asst. U. S. Atty., for Terrell L. Glenn, U. S. Atty., Columbia, S. C., for defendant.

SIMONS, District Judge.

This is an action under Section 205 [g] of the Social Security Act, as amended, 42 U.S.C.A. § 405 [g] to review a final decision of the Secretary of Health, Education and Welfare denying plaintiff a period of disability and disability benefits under Sections 216[i] and 223, respectively, of the Act.

In his application filed November 8, 1962, claimant alleges that he became unable to work February 20, 1962, due to a "Staph infection resulting from a back operation". Claimant's earnings record shows that he met the earnings requirements of the Act for disability purposes at the time he alleges he became unable to work.

The record conclusively shows that claimant has had very severe back problems resulting in an operation for a spinal fusion and laminectoy in February, 1962; that he developed an infection and underwent another operation in March, 1962, to clear the infection; and that he has had residual scarring about the nerve roots and has experienced severe pain as a result of the operations.

The hearing examiner in his report admits that claimant can no longer engage in heavy physical labor but finds that claimant is able to engage in substantial gainful employment, and is therefore not disabled within the meaning of the Act.

■ The sole question before the court, therefore, is whether there is substantial evidence in the record to support the Secretary's findings. Thomas v. Celebrezze, 331 F.2d 541, [4th Cir. 1964].

From a review of the record as a whole, I must conclude that there is not substantial evidence to support the Secretary's decision.

At the time he filed his application for disability benefits, claimant was 44 years old. He completed the 7th grade of school. He lives in the small rural community of Williston, S. C. His principal occupations have been carpentry, house painter, automobile mechanic, heavy equipment operator [bulldozers, tractors, cranes]; electrical worker [on ships during the war], and general maintenance work at the Savannah River Plant of the Atomic Energy Commission. Since his spinal operation in February, 1962, claimant testified that he has experienced severe pain in his back and legs, is unable to walk long distances or stand for long periods, sit for extended periods, and cannot drive or ride in a car or truck for any distance without suffering severe pain. These assertions are corroborated by the testimony of his wife, neighbors, friends, and his doctors' medical reports. He also testified that he has to take medicines continuously for pain.

The Secretary admits that claimant can no longer engage in the type work he has customarily performed, but relies strongly on the testimony of Miss Grace Freymann, a vocational counselor, who stated that her experience with other persons having similar back conditions shows that claimant can engage in less strenuous work in a gainful capacity. She further testifies that within a radius of 50 miles from Williston there are jobs available which claimant could successfully pursue although she knew of none available within five or six miles of Williston. Using the Dictionary of Occupational Titles and the manual of Worker Trait Requirements she enumerated many occupations which claimant might pursue.

The hearing examiner also made a finding that claimant has exaggerated the pain he experiences, and the examiner places undue significance on the fact that in the report dated February 1964, Dr. Lunsford did not use the word "pain" when he wrote that claimant had some residual scarring about the nerve roots that contributed to his discomfort. The medical reports of claimant's doctors conclusively show that claimant does continue to suffer pain and discomfort; that he regularly takes medicine and drugs to relieve the pain; and that this condition has continued to persist since February, 1962, and will continue in the future.

■ The law recognizes that pain can be disabling. As stated in Butler v. Flemming, 5 Cir., 288 F.2d 591, 595, [1961]:

"Congress has in effect stated that if a person is unable except under great pain to engage in any substantial gainful activity in which he might be employable, taking into consideration his age, training, work experience and physical and mental capacities, he shall be deemed to be disabled for the purposes of this Act."

■ Claimant having proved that he is unable to return to his former occupation, the Secretary must show that other work which claimant is capable of doing is reasonably available. Ray v. Celebrezze, 340 F.2d 556, 559 [4th Cir. 1965].

The record as a whole does not reflect that the Secretary has met this burden through the testimony of the vocational counselor.

The evidence in this case shows that claimant could not work in any location outside Williston which would require that he drive or ride any appreciable distance to get to his job.

The record also clearly shows that the Secretary has relied upon the testimony of the vocational counselor, and the hearing examiner's own estimate of claimant's physical condition to the exclusion of the

medical reports by claimant's doctors, claimant's testimony, and the testimony of his wife, friends, and neighbors.

It is, therefore, ordered that the decision of the Secretary be and it hereby is reversed.

Let judgment be entered accordingly.