**Mrs. Annie L. S. CAUSBY, Plaintiff,**

v.

**Anthony J. CELEBREZZE, Secretary of Health, Education and Welfare, Defendant.**

**Civ. A. No. 4645.**

United States District Court
W. D. South Carolina,
Rock Hill Division.

Aug. 9, 1965.

Charles E. Griffin, Greenville, S. C., for plaintiff.

John C. Williams, U. S. Atty., and Albert O. Taylor, Jr., Asst. U. S. Atty., Greenville, S. C., for defendant.

HEMPHILL, District Judge.

Action by plaintiff to set aside a final decision of the Secretary of Health, Education, and Welfare that she was not "disabled" within the meaning of the Social Security Act. Judicial review is limited to a determination of whether or not the Secretary's decision is supported by "substantial evidence." If it is so supported it must be affirmed; however, if it is based on conjecture or speculation, or if undue reliance has been placed upon one portion of the record to the disregard of overwhelming evidence to the contrary, then the Secretary's decision must be reversed. Thomas v. Celebrezze, 331 F.2d 541 (4th Cir. 1964). Naturally, the Secretary has the duty to weigh all the evidence, medical and non-medical, and must resolve conflicts in the testimony. But his resolution, his interpretation, must be reasonable. See Jarrett v. Celebrezze, 233 F. Supp. 282, 285 (W.D.S.C.1964).

There is no authority for this Court to try the issues de novo, but a reading of the "record as a whole" reveals that the Secretary's interpretation of the evidence is not reasonable.

First of all, every doctor expressed the opinion that the plaintiff was too disabled to work. It is true that this medical conclusion is not binding upon the Secretary, as such but it certainly must be given an appropriate weight. Secondly, the vocational expert called by the Hearing Examiner concluded similarly.

This hapless plaintiff, who is admittedly obese,[1] who has a severe and painful knee problem, kidney trouble, hypertension, and other debilitations, is simply not in such a condition as to be consider-ed reasonably able to obtain and keep employment commensurate with her paucity of learning, skill, and physical difficulties. Plaintiff has plainly met all the criteria set forth in Jenkins v. Celebrezze, 335 F.2d 6, 8 (4th Cir. 1964).

The Secretary's findings that plaintiff is capable of engaging in gainful activity are not supported by even the most permissive view of the evidence. See Hall v. Celebrezze, 347 F.2d 937 (4th Cir. 1965).

Plaintiff's pain is discounted out of hand, see Clifton v. Celebrezze, 241 F. Supp. 609, 610 (E.D.S.C.1965), and the Hearing Examiner's view of her employability is not remotely in accord with the realities of the business world. See Hamlet v. Celebrezze, 238 F.Supp. 676, 682 (E.D.S.C.1965).

The decision of the Secretary must be reversed because it is not based on "substantial evidence." Therefore, it will be reversed and the Clerk will enter judgment accordingly.

And it is so ordered.

---

[1]. It does not appear that anyone forced her to eat so much, though there is testimony that this overeating was a result of "nervousness."