**Ella S. MODE, Appellant,**

v.

**Anthony J. CELEBREZZE, Secretary of Health, Education and Welfare, Appellee.**

**No. 10135.**

United States Court of Appeals
Fourth Circuit.

Argued Jan. 4, 1966.

Decided April 6, 1966.

Richard B. Ford, Asheville, N. C., for appellant.

Wm. Medford, U. S. Atty. (William M. Styles and James O. Israel, Jr., Asst. U. S. Attys., on brief), for appellee.

Before SOBELOFF and BOREMAN, Circuit Judges, and BUTLER, District Judge.

SOBELOFF, Circuit Judge:

On review of an adverse decision on Ella S. Mode's application for disability benefits under section 223(a) of the Social Security Act, 42 U.S.C.A. § 423(a) (1958), the District Court gave summary judgment affirming the administrative action. We reverse, because the record contains no substantial evidence to support the denial of benefits. Rather, it clearly establishes that within the meaning of the Act appellant was disabled from engaging in substantial gainful employment during the applicable periods of insurance coverage.

Mrs. Mode, a 48-year old married woman with two children, applied for disability benefits in 1962, stating that she has been unable to work since 1959. After completing six grades of school, she had worked most of her life as a spinner in North Carolina textile mills. Her job called for constant use of the

hands and arms, some bending, and standing for eight hours each day.

During her first pregnancy, Mrs. Mode developed symptoms of hypertension, also arthritis in her fingers, knees and lower spinal region. The symptoms increased after her second confinement in 1951, but she persevered at her work until 1959. By then, she testified, the pain in her arms and back had become so intense that she was finally forced to quit. She has not worked since then, finds it difficult to remain in one position for any length of time, sleeps poorly, suffers frequent dizzy spells, and is able to walk only short distances without assistance.

The various doctors, her own and the Social Security Administration's, who examined appellant between 1959 and 1963 confirmed that she had arthritis in the joints of her fingers and one knee, though there was some disparity in their opinions of the seriousness of these ailments. They also confirmed the existence of hypertension and at least mild arthritis in the area of the lower spine. Under doctor's orders she wore a brace in order to reduce the pain in her back. Of particular significance is the report of Dr. Ben H. Kendall of the Shelby Medical Center, to whom Mrs. Mode was referred by the Medical Consultant for Disability Determination of the State Welfare Board, acting on behalf of the Social Security Administration. Dr. Kendall found that Mrs. Mode was not exaggerating the effect of these symptoms, and that she genuinely believed herself incapable of working because of the pain in her back and hands. This was confirmed by the specific finding of the Hearing Examiner that "[b]ased on her demeanor, testimony, and from observations of the claimant, it is the Hearing Examiner's impression that the claimant genuinely believes that she is too sick to do any work."

In Underwood v. Ribicoff, 298 F.2d 850 (4th Cir. 1962), this court emphasized that the determination of a claimant's disability may depend on more than clinical findings. In addition to objective medical facts and expert medical opinions, the Hearing Examiner must consider the claimant's subjective evidence of pain and disability, as corroborated by family and neighbors; and all of these factors must be viewed against the applicant's age, educational background and work experience. As the Second Circuit has pointed out in Ber v. Celebrezze, 332 F.2d 293, 299 (2d Cir. 1964), "it is common knowledge that physical phenomena of a debilitative nature may work differing degrees of hardship on different persons." See also Aaron v. Fleming, 168 F.Supp. 291 (M.D. Ala.1958) (Rives, Circuit Judge). In neither of these cases did the court permit recovery solely on the basis of subjective declarations of pain and disability, as our District Court apparently assumed. In both cases, as in *Underwood*, there were independent findings of medical impairments. These decisions require only that, once a clinical symptom is shown to exist, its disabling effect must be considered in light of all the circumstances, including the particular claimant's subjective reactions and general background.[1]

In its facts, Ber v. Celebrezze, supra, closely parallels this case. Mrs. Ber had a sixth grade education, had worked as a sewing machine operator all of her life, and her medical examination revealed mild arthritis of the cervical and lumbar regions in her back, which she claimed was so painful that she had to discontinue work. The Hearing Examiner rejected

---

1. Of course, cases do arise in which there is no medically determinable *physical* impairment to which the disability can be traced; but where the claimant is nevertheless unable to work because of some *mental* impairment. Thus a person with severe hypochondria might experience pain so intense that it disables, and such a claimant should be entitled to benefits if the fact of his suffering and resultant disability can be supported by competent psychiatric evidence. See, e. g., Page v. Celebrezze, 311 F.2d 757 (5th Cir. 1963). We need not further pursue this line of inquiry, however, since there is unquestioned evidence in this record of a physical condition—hypertension and arthritis.

her claim for disability benefits, but failed to indicate whether any other work was available to her. Therefore, reasoned the Second Circuit, the rejection of her application could be sustained only if there was evidence to support a finding that Mrs. Ber was still capable of operating a sewing machine. Id. at 295. See Kerner v. Flemming, 283 F.2d 916, 921 (2d Cir. 1960).

The court reversed the Hearing Examiner's conclusion on this point and ordered judgment in Mrs. Ber's favor. While recognizing that the mild arthritis might not be disabling to a "normal" person, it pointed out that appellant's assertions of severe pain from this symptom were uncontradicted, and that there could be no real doubt that *as to her,* the arthritis was actually crippling.

■ Here, as in *Ber,* the Hearing Examiner failed to indicate whether any other work was available to Mrs. Mode in the community, so his denial of her claim must have been based on a conclusion that she was still able to work in the textile mills. Cf., e. g., Wimmer v. Celebrezze, 355 F.2d 289 (4th Cir. 1966); Hall v. Celebrezze, 347 F.2d 937 (4th Cir. 1965); Cyrus v. Celebrezze, 341 F.2d 192 (4th Cir. 1965); Ray v. Celebrezze, 340 F.2d 556 (4th Cir. 1965). This mill job requires constant use of hands and arms, standing and bending for 40 to 50 hours per week. But the hypertension, coupled with the arthritis in her hands, her testimony of severe back pains and dizzy spells—all confirmed by the doctors and accepted as true by the Hearing Examiner—fully established her disability to do this type of work. The claimant continued working for eleven years after the onset of her ailments, but it is clear that since 1959 *this* individual has been unable to work.

Neither in law nor in logic is there ground for insisting that proof of disability shall rest solely upon the clinical findings, and that the subjective reaction to undisputed determinations of physical impairments be crossed out of the equation merely because no machine has been invented to calibrate pain or to determine precisely its incapacitating effects upon different individuals. The affirmative proof of Mrs. Mode's disability is uncontradicted; and there is no evidence to the contrary. The application has been pending now for nearly four years, and we see no reason to remand the case for the taking of further testimony. See Cyrus v. Celebrezze, 341 F.2d 192, 197 (4th Cir. 1965); Hall v. Celebrezze, 239 F.Supp. 196 (M.D.N.C.1965).

The decision denying benefits to Mrs. Mode will be reversed, and the case remanded for entry of judgment in her favor.

Reversed and remanded.

BOREMAN, Circuit Judge (dissenting).

The District Court, in upholding the Secretary's decision, aptly stated: "In reviewing a decision of the Secretary denying disability benefits under the Social Security Act, this court does not hold a hearing *de novo;* it must, therefore, uphold his decision if supported by substantial evidence."

The Hearing Examiner, whose decision became the decision of the Secretary, found that the claimant did have some impairments but they were not so severe as to prevent her from engaging in the same kind of work she had been doing. The Examiner had the opportunity to hear and observe the witnesses who testified, including the claimant as she described her impairments, her aches and her pains. He was convinced that she did experience pain but concluded, after considering *all* the evidence, both objective and subjective, that she had persuaded herself that she was not able to work and therefore had no motivation to continue. Considering the evidence as a whole the Examiner appears to have applied the tests approved by this court in Underwood v. Ribicoff, 298 F.2d 850 (1962), and numerous cases subsequently decided, in determining that claimant's impairments were not disabling within the meaning of the Act.

The District Court found substantial evidence in the record to support the Secretary's decision based upon the findings of the Examiner. Upon a hearing *de novo* we might reach a conclusion contrary to that of the Examiner but that is not the test. I feel compelled to express my view that we should affirm.