Lillie D. KEFFER

v.

John W. GARDNER, Secretary of Health, Education and Welfare.

Civ. A. No. 67–C–39–A.

United States District Court
W. D. Virginia,
Abingdon Division.

March 6, 1968.

Edmund D. Wells, Bluefield, W. Va., and T. L. Hutton, Jr., Abingdon, Va., for plaintiff.

James P. Brice, Asst. U. S. Atty., Roanoke, Va., for the government.

Opinion and Judgment

DALTON, Chief Judge.

Upon a finding by the Secretary that claimant was able to undertake substantial gainful employment and thus not entitled to social security benefits, claimant, Lillie D. Keffer, seeks relief in this court. The Secretary's decision is reversed since this court finds less than

substantial evidence in the record to support it.

Forty-three year old, Mrs. Keffer resides with her second husband and the two minor children outside of Narrows, Virginia. Her educational experience is limited; she completed only the sixth grade in school, and as she has worked most of her life since then, she has never had the time for any vocational training. Her first job was as a domestic. Next she moved into the industrial area where she became employed about 1942 or 1943 by the Celanese Corporation. She worked for that concern more or less continuously for a number of years but undertook other jobs during those periods when she was laid off due to production cutbacks. Her other jobs appear to have included a brief term as a sewing machine operator in a shirt factory at Wytheville, a job as a powder presser and cutter in the Hercules Powder Company at Radford and various jobs as a dishwasher and fill-in waitress. She left the Celanese Corporation when her son was born, but apparently after the birth of her second child in 1955 she resumed employment there and worked continuously until she was forced to stop because of her back condition in September 1965.

Mrs. Keffer's application for disability benefits filed January 12, 1966 alleges that she became unable to work due to spine trouble in June of 1965. Although the medical testimony has produced some evidence of gastritis apparently resulting from an inactive peptic ulcer, there is no indication that this affliction is of such degree as to cause anything more than moderate discomfort and it is therefore discounted as a basis for a finding of disability. The back condition is, however, a much more serious matter.

■ The Secretary does not attempt to claim that Mrs. Keffer is able to return to her former occupation at the Celanese Corporation's Textile Mill. It is clear from the evidence that she cannot. This being the case, the burden shifts to the Secretary to demonstrate that there are other jobs in the economy that from the standpoint of skills, education, experience and physical ability, Mrs. Keffer is capable of performing, and further that those jobs exist in such proximity to her home in Narrows that, taking into account her physical condition, she may reasonably be expected to seek employment there. Boyd v. Gardner, 377 F.2d 718 (4th Cir. 1967); Wimmer v. Celebrezze, 355 F.2d 289 (4th Cir. 1966). The Secretary has attempted to meet this burden with medical evidence describing Mrs. Keffer as physically able to perform light work, and with the testimony of a vocational expert showing that light jobs are available in the local economy.

Evidence of various types of sedentary employment thought suitable for the plaintiff was introduced by the vocational expert, Dr. Carroll Smith. Dr. Smith stated that the jobs of sewing machine operator and garment inspector existed at the Jeffrey Shirt Company in Wytheville, Virginia and the Maidenform Company in Princeton, West Virginia, the Blue Ridge Overall Company in Christiansburg, Virginia, and the Sweet-Orr Company, Inc. in Pulaski, Virginia. He also testified that the job of clipper existed at the Maiden-form Company. Other jobs such as assembler of electronical components and inspector of such components existed at the North American Aviation Plant in Princeton, West Virginia, the General Instrument Company in Tazewell, Virginia and Inland Motors in Radford, Virginia, as well as at the Poly-Scientific Plant in Blacksburg. He noted the existence of the job of elevator operator, a declining profession, at the West Virginian Hotel in Bluefield, West Virginia and at the First National Bank Building in Welch, West Virginia. He further testified that the job of taxi-dispatcher, sometimes available to women, existed in Beckley, West Virginia. With the exception of the jobs in Tazewell which were fifty to sixty miles away, most of the jobs cited were within about twenty or thirty miles of claimant's home.

There is no question of the sufficiency of Dr. Smith's testimony. He did not refer to the Dictionary of Occupational Titles for authority. His knowledge of the jobs was based on personal visits to the various establishments and discussions with the employers. The essence of the issue before this court, then, is whether the decision of the Secretary that Mrs. Keffer can reasonably be expected to seek employment in the jobs cited in the mentioned locations is supported by substantial evidence. This court has not reached the contrary conclusion without some hesitation.

The substantial evidence rule of review indicates that the Secretary's factual findings are not to be lightly disturbed. Snyder v. Ribicoff, 307 F.2d 518 (4th Cir. 1962). The rule of review precludes the court from trying the case *de novo*. Thus, where the evidence is very close, a mere preponderance on one side or the other will not allow the court to disregard the Secretary's determination. Thomas v. Celebrezze, 331 F.2d 541 (4th Cir. 1964). Nevertheless, the Court of Appeals of this Circuit has repeatedly stated that even in the face of the substantial evidence rule, the reviewing court must not surrender its traditional function but must view the record as a whole and must test the Secretary's conclusion against logic and reason. Underwood v. Ribicoff, 298 F.2d 850, 851 (4th Cir. 1962). Reason, this court concludes, does not support the Secretary's decision.

There is evidence showing that Mrs. Keffer's back condition causes her a great deal of pain. The Court of Appeals of this Circuit has recently indicated that pain, even though unaccompanied by objective physical determinants, may be the basis of a claim for disability benefits. Brandon v. Gardner, 377 F.2d 488 (4th Cir. 1967). In the present case there appears to be a medically determinable basis for Mrs. Keffer's complaints of back pain, and Dr. Kuhn felt that the pain likely resulted from the nerve root encroachment caused by her condition. Therefore, her complaints of pain, while possibly exaggerated, cannot be discounted. In viewing possible jobs available to a claimant, the Secretary and the courts must use a practical standard which necessarily includes consideration of possible pain. A prospective employer will undoubtedly weigh the possibility that claimant may find the work too demanding or too painful. This court must also consider the degree of pain and discomfort which Mrs. Keffer may be asked to undergo in order to obtain and retain successful employment. It is well known that prolonged riding in an automobile will aggravate a back condition such as Mrs. Keffer's. Thus the distance she would be required to travel over twisting mountain roads in search of a job must be carefully considered. Here the evidence shows that travel in and of itself may be detrimental to claimant's condition, and will, in all probability, be accompanied by a certain amount of pain. In this court's view, Mrs. Keffer's physical condition severely circumscribed the geographic area in which she can reasonably be expected to market her labor.

It is this court's conclusion that Mrs. Keffer is presently of doubtful employability because of her constant complaints of pain in performing even light work. And it is unreasonable to expect Mrs. Keffer to travel forty or more miles a day, all the while experiencing pain and worsening her condition, in order to attempt the performance of a job which she may well not be able to hold.

Accordingly, it is hereby adjudged and ordered that the decision of the Secretary of Health, Education and Welfare, in this case be and hereby is reversed.

The clerk is directed to send certified copies of this opinion and judgment to the plaintiff and to the defendant.