María Cristina SANTIAGO, Plaintiff,

v.

John W. GARDNER, Secretary of Health, Education and Welfare, Defendant.

Civ. No. 680–67.

United States District Court
D. Puerto Rico.

July 26, 1968.

Frank Torres, Ponce, Puerto Rico, for plaintiff.

Candita R. Orlandi, U. S. Dist. Atty., San Juan, Puerto Rico, for defendant.

## ORDER AND MEMORANDUM OPINION

FERNANDEZ-BADILLO, District Judge.

This action has been brought before the Court pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405 (g) to review a final decision of the Secretary of Health, Education and Welfare denying plaintiff's application for disability benefits under Sections 216(i) and 223 of the Act, 42 U.S.C. §§ 416(i) and 423.

Claimant María Cristina Santiago is a thirty three year old woman with a high school education. She can read and write in both the Spanish and English languages. On March 15, 1966 she filed her application for disability benefits claiming that because her coccyx was fractured she had become unable to work on November 1964.

Plaintiff's earnings certification shows that the earnings requirements are met through December 31, 1969. Her impairment was caused by a fall suffered in 1960 while working as an industrial machine operator for the Ginsberg Manufacturing Co. in New York. Plaintiff testified that she rolled down the stairs and fell unconscious. She was never hospitalized, despite her insistence upon it, yet recalls that the company doctor placed some strapping on her which caused pain and fever. Having stayed away for 2 weeks after the accident, claimant returned to the same job, sewing elastic bands on baby pants but

was given a heavier machine to operate. She left work 4 years after injuring her back allegedly because she could not endure the prolonged periods of sitting and was absent frequently. Miss Santiago explained that dizzy spells and constant, severe pain preclude her from engaging in her former employment. She claims that pain in her spine which radiates into the brain causing headaches and dizziness has rendered her unable to engage in any substantial gainful activity.

There is evidence showing that plaintiff's back condition is painful. Dr. Iguina-Reyes, specialist in orthopedic surgery, after examining claimant on October 25, 1965 found that X rays revealed a healed fracture dislocation of the distal segment of the coccyx that appeared anteriorly displaced with sharp anterior angulation. He reported tenderness to palpation over the coccyx, and sharp pain when the distal coccygeal segment was moved through a combined rectal and external examination. Dr. Iguina commented that this condition was painful and did not allow the patient to sit for a long time in a certain position. Surgical removal of the coccyx was recommended.

In a report dated November 4, 1965 on a Workmen's Compensation Board form, Dr. Iguina-Reyes further stated that rectal examination revealed a coccygodynia when the coccyx was moved. Once more he stated that surgical removal of the coccyx was highly indicated and specified that claimant was unable to perform sitting work.

Dr. René Rigal examined plaintiff on one occasion in November 1966. She complained of pain when sitting for prolonged periods and of inability to do work requiring her to sit or stand for a long time. His physical finding was reported as tenderness to palpation over the coccyx. He diagnosed a healed fracture and dislocation of the coccyx and recommended its removal as final treatment. The

Hearing Examiner admitted claimant's inability to engage in "protracted sedentary activity" but concluded that there were lighter tasks available in the economy which she could perform either sitting or standing.

■ (1) This Court is aware that its reviewing function is a limited one. The statute itself precludes the court from trying the case *de novo*. Nevertheless, it has repeatedly been held that the reviewing court may not abdicate its proper and necessary function of scrutinizing the record as a whole to determine whether the Secretary's conclusions have a reasonable basis in law and whether the Hearing Examiner applied the correct legal standards to the evidence. Bridges v. Gardner (5th Cir. 1966) 368 F.2d 86; Hicks v. Gardner (4th Cir. 1968) 393 F. 2d 299; Keffer v. Gardner (D.C.Va. 1968) 281 F.Supp. 879.

■ The substantial evidence rule protects the Secretary's determinations but "the facts must be evaluated by the administrator in the light of correct legal standards to entitle the administrative findings to the insulation of the substantial evidence test." Branham v. Gardner (6th Cir. 1967) 383 F.2d 614.

■ In the instant case it cannot be said that the examiner's implicit finding [1] that plaintiff, though disabled to engage in "protracted sedentary activity," can engage in various lighter activities which combine performance in a sitting or standing position is without substantial support. The only evidence indicating that this claimant cannot work in a standing position is her own uncorroborated testimony. It is well to bear in mind that the sole medical restriction placed upon her was against prolonged sedentary activity.

(2) However, the Hearing Examiner's application of an erroneous legal standard in evaluating the medical evidence constitutes prejudicial and reversible error.

---

1. This is not an *express* finding of the examiner. In his decision the examiner merely summarized the vocational ex-

pert's testimony on the availability of jobs which claimant could perform.

The Examiner stated in his opinion that:

"There are two broad stages in the determination of disability as defined in the Act. First, the nature and limiting effects of the physical and/or mental impairment present at the time in question, and their probable duration must be ascertained, based on *objective,* medically determinable clinical or laboratory findings." (Emphasis supplied)

" * * * sound appraisal requires that the genuineness of the claimant's complaints be gauged on the basis of their degree of consistency with known medical principles and by the extent to which they are supported by *objective* medical findings of record, an impairment be medically determinable." (Emphasis supplied)

"In arriving at this conclusion, the Hearing Examiner is mindful of the fact that claimant's participation in regular employment might be accompanied by some degree of physical discomfort. This factor, however, is not particularly relevant to the controlling issues for disability, as contemplated by the Act, results not from pain or other subjective discomfort, but from medically determinable and *objectively* measurable loss of function. * * * " (Emphasis supplied)

■ Once again the Court must underline the importance of its duty and its tradition as a reviewing court. As said in Gardner v. Brian,[2] (10th Cir. 1966) 369 F.2d 443:

" * * * reviewing courts are * * * charged with the duty to construe legislation in the light of ascertained Congressional policy. They are not obliged to stand aside and rubber-stamp their affirmance of administrative decisions that they deem inconsistent with a statutory mandate or that frustrate the congressional policy underlying a statute."

■ This is such an administrative decision. The Hearing Examiner in this case based his decision on an erroneous conception of the law: that the phrase "medically determinable" means supported by *objective* clinical findings on record.

■ The 1967 Amendments to the Social Security Act[3] (See Pub.L. No. 90–248, § 158 (Jan. 2, 1968) 81 Stat. 868 read in the part pertinent herein as follows:

"(3) For purposes of this subsection, a 'physical or mental impairment' is an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."

■ What the 1967 Amendments mean is that disability benefits will not be granted exclusively on the subjective complaints and assertions of the individual, but if there is medical evidence on record this can be used to support and corroborate the subjective symptoms. As declared in Senate Report No. 744, U.S. Code Congressional and Administrative News, 1967, pp. 2882–2883:

"Statements of the applicant or conclusions by others with respect to the nature or extent of impairment or disability do not establish the existence of disability * * * unless they are supported by clinical or laboratory findings or other medically acceptable evidence confirming such statements or conclusions. * * * "

The intent of Congress as expressed in the statute and in the legislative history was to emphasize the importance of medical factors in the determination of disability benefits.

What is condemned in the present case is the Examiner's insistence in using the word "objective" to set aside all medical evidence before him which might serve to confirm the disability alleged.

2. Citing from National Labor Relations Board v. Brown, 380 U.S. 278, 291, 85 S.Ct. 980, 988, 13 L.Ed.2d 839.

3. These amendments are applicable to the present action brought under § 405(g) of the Act since the decision in such action has not yet become final.

There are numerous opinions holding that pain, unaccompanied by any objectively observable symptoms, can be so real and so intense as to constitute, by itself, the basis for an award of disability benefits. Ber v. Celebreezze (2nd Cir. 1964) 332 F.2d 293; Walston v. Gardner, (6th Cir. 1967) 381 F.2d 580; Nelms v. Gardner (6th Cir. 1967) 386 F.2d 971; Branham v. Gardner, (6th Cir. 1967) 383 F.2d 614; Sayers v. Gardner (6th Cir. 1967) 380 F.2d 940; Keffer v. Gardner (D.C.Va.1968) 281 F.Supp. 879; Davidson v. Gardner (6th Cir. 1966) 370 F.2d 803; Murphy v. Gardner (8th Cir. 1967) 379 F.2d 1; Brandon v. Gardner (4th Cir. 1967) 377 F.2d 488.

The recent case of Whitt v. Gardner (6th Cir. 1968) 389 F.2d 906 deals with a situation similar to the one here involved where the merits of the primary complaint, impairment because of severe pain, are weighed in the light of the definition given by the 1967 Amendments to the term impairment, be it physical or mental. In that case the Court noted that:

> "The Act nowhere states a requirement that a claimant establish his disability by 'objective' medical evidence. In a case such as the present one, much of the evidence was subjective in nature, appellant's primary complaint being that of incapacitation because of extreme pain. This Court, as well as others, has considered the infection of an examiner's findings by such an erroneous legal standard to be reversible error, no matter what our own view be as to the correctness of his ultimate conclusion. * * * "

> " * * * We conclude, however, that while these amendments confirm the examiner's requirement that 'the existence of an impairment must be established by * * * medical, clinical, or laboratory evidence,' they do not support his insistence that the medical evidence be 'objective'. Hence our need to reverse is not obviated by these recent amendments to the Act."

Having employed an incorrect standard of law the Examiners' decision, adopted by the Secretary, may not stand.

Accordingly, the case is remanded for reconsideration by the Secretary of Health, Education and Welfare in the light of the correct legal standard set forth in this opinion.

It is so ordered.