**Clovia GRIFFIN, Plaintiff,**

v.

**Robert H. FINCH, Secretary of Health, Education, and Welfare, Defendant.**

**Civ. A. No. 69–243.**

United States District Court
D. South Carolina,
Greenville Division.

Sept. 8, 1969.

---

Joe Robert Hooper, Greenville, S. C., for plaintiff.

Klyde Robinson, U. S. Atty., and Thomas F. Batson, Asst. U. S. Atty., Greenville, S. C., for defendant.

## ORDER

HEMPHILL, District Judge.

This is an action to review the final decision of the Secretary of Health, Education and Welfare, denying plaintiff's application for the establishment of a period of disability and disability benefits as authorized by Section 205(g) of the Social Security Act, 42 U.S.C.A. § 405(g), which provides jurisdiction and limits the scope of this action:

> Any individual, after any final decision of the Secretary made after a hearing to which he was a party, * * may obtain a review of such decision by civil action * * *. Such action shall be brought in the district court of the United States * * *. The court shall have the power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying or reversing the decision of the Secretary, with or without remanding the cause for a rehearing. The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive * * *. The court * * * may, at any time, on good cause shown, order additional evidence to be taken before the Secretary * *.

Accordingly, the sole question before the court is whether the Secretary's decision is supported by substantial evidence. If so supported it must be affirmed. This court has no authority to try the case de novo. Thomas v. Celebrezze, 331 F.2d 541 (4th Cir. 1964).

In Underwood v. Ribicoff, 298 F.2d 850 (4th Cir. 1962), certain elements were enumerated which must be considered in determining a particular claimant's ability to engage in substantial gainful activity. These are: "(1) the objective medical facts, which are the clinical findings of treating or examining physicians divorced from their expert judgments or opinions as to the significance of these clinical findings, (2) the diagnoses, and expert medical opinions of the treating and examining physicians on subsidiary questions of fact, (3) the subjective evidence of pain and disability testified to by Claimant, and corroborated by his wife and his neighbors, (4) Claimant's educational background, work history, and present age."

The plaintiff is a sixty (60) year old married white female with an eighth grade education and a life-long resident of Pickens County, who worked as a Battery Filler at Woodside Mill in Easley, South Carolina for thirty-four (34) years until she was forced to quit because of bad health in July of 1967. She has no training or skills other than those acquired in eight years of formal education and through her work experience. She is five feet tall and weighs 115 pounds, having lost fifteen pounds since she quit work.

Severe back pain, chronic bronchial disease, and a foot ailment are her major problems. As noted above, plaintiff worked consistently for 34 years until July of 1967. Plaintiff worked as usual on Monday, July 24, 1967, although she had been suffering with severe back pains for three weeks. She was fifty-nine (59) years of age at that time, and had no intention of quitting work then, but was planning to retire at age sixty-five (65). She states that she would be working today if she could. She went home that afternoon, suffering severe back pains, contacted her family physician, Dr. J. A. White, who has treated her for twelve to fourteen years and was later hospitalized and put in traction for three days. After being hospitalized for two weeks, she was released, still suffering severe back pain. Dr. White advised her to stay out of work for several weeks, thinking she would improve. Throughout the fall and winter of 1967–68 he recommended one leave of absence after another, thinking her condition would improve but it never did. In fact, she has never been able to return to work. Dr. White advised her not to go back to work, and states that she has never sufficiently improved to return to work. He has prescribed Williams' exercises, which did not help. He prescribed a lumbosacral support (or brace), which she has worn ever since and in which she apparently sleeps. At his prescription, she regularly takes Robaxisal (an analegic for pain), valium, 5 mgs., three times daily, for tension, tetracycline, an antibiotic and a bronchodilator for her bronchial disease.

Plaintiff has three medically determinable conditions which have been found to exist. The first two are the least important. They are a chronic bronchial condition, consisting of chronic asthma and chronic bronchitis, which causes frequent and recurring attacks upon the slightest provocation and a foot condition, contraction of the digits, which she has had for ten years and which makes standing and walking painful. The third and most disabling condition is degenerative arthritis.

The two doctors who examined plaintiff for the Social Security Administration characterized the arthritic changes as "minimal" and "quite compatable with her stated age." The hearing examiner in effect ruled that objective evidence, or clinical and laboratory findings, did not indicate an acute back condition and therefore plaintiff had not shown that she was disabled within the

meaning of the Social Security Act. At page 5 (Tr 11) of his decision he states:

The clinical and laboratory findings do not establish that the claimant has any severe impairment. She has some arthritis but it is described by Dr. Poole as minimal and by Dr. Jones as about normal for a person her age. She may well have attacks of asthma but had none when Dr. Poole examined her. No other impairments have been established except calluses or corns on her feet and an ingrowing toenail. The hearing examiner believes that Dr. White sincerely thinks something is wrong with the claimant but he also believes it is based on her complaints and not on any true medical findings. Dr. Poole commented that her voluminous complaints were out of proportion to objective evidence of disease.

■ This court takes a different view of the evidence. Upon appeal this court is obliged to limit its inquiry to whether the Secretary's decision of the Secretary is based upon substantial evidence. The test of substantial evidence was articulately explained by Judge Sobeloff in Thomas v. Celebrezze, supra, where he stated that although the courts are not to try the case de novo and must affirm the Secretary if supported by substantial evidence, "they must not abdicate their traditional functions; they cannot escape their duty to scrutinize 'the record as a whole' to determine whether the conclusions reached are rational. * * * [I]f they are, they must be upheld; but if, for example, reliance has been placed upon one portion of the record to the disregard of overwhelming evidence to the contrary, the courts are equally bound to decide against the Secretary." Upon consideration of the whole record, including the evidence bearing on all the elements enumerated in the *Underwood* guidelines, this court is compelled to decide that the findings of the hearing examiner are not rational and therefore are not based upon substantial evidence. The hearing examiner considered only the objective medical findings of the Department of Health, Education and Welfare's two consultants. He failed to consider that evidence relevant to the third and fourth elements of the *Underwood* guidelines.

■ There was a great deal of testimony establishing pain and disability given by plaintiff and her family physician, who, contrary to his usual practice, made an appearance in her behalf. This evidence of "subjective pain and disability" testified to by plaintiff and her doctor is relevant in making a disability determination. It is part of the whole record which the hearing examiner should and this court, upon review, is bound to consider in reaching a decision. See *Underwood,* supra.

Dr. J. A. White,[1] plaintiff's doctor, has seen plaintiff some fifteen to twenty times since she was forced to quit work because of her back. He sincerely felt that plaintiff was in great pain. He stated that he felt that she was honest and sincere about her complaints. Her sincerity was further attested to by Dr. James R. D. Rice, her Podiatrist. Dr. White indicated that plaintiff had a very low threshold to pain. Dr. Everett B. Poole,[2] who on one occasion examined plaintiff for the Social Security Administration, also noticed that she had a very low threshold to pain. In spite of experiencing pain more easily than others, Dr. White noted that plaintiff was not of a complaining nature. It was also established that plaintiff worked many times when she experienced great pain. She cannot do her housework; she does very little cooking—

1. Dr. John Anthony White is a 1950 graduate of the Emory University School of Medicine, Emory University, Atlanta, Georgia. He is a General Practitioner in Easley, S. C., and was certified by the National Board of Medical Examiners in 1951.

2. Dr. Everett B. Poole is a 1931 graduate of the Vanderbilt University School of Medicine, at Nashville, Tennessee. He specializes in Internal Medicine and is a member of the American Society of Internal Medicine and the American College of Physicians.

that which she does, she does sitting on a stool. She cannot operate a car with a clutch and it is hard for her to drive one with an automatic transmission and in fact she does not do so unless absolutely necessary. Dr. White corroborated that plaintiff's back condition places very severe limitation of motion upon her leg and trunk movements. Such an overwhelming record of pain and disability cannot be ignored.

■ There are two steps to a determination of disability: first, there must be a finding of a medically determinable mental or physical impairment, and, second, there must be a finding that the impairments preclude the person from engaging in substantial gainful activity. Thomas v. Celebrezze, supra. Here the impairment namely arthritis, has been established. That condition has also been shown to preclude plaintiff's engaging in gainful activity.

■ The evidence of the extent of plaintiff's pain and suffering is certainly relevant in determining whether her impairment placed her under a disability. Common experience dictates that back conditions are extremely difficult to diagnose and moreover it is almost impossible to determine the amount of pain generated by a particular condition. Pain is outside the realm of objective scientific measurement; it cannot be diagnosed and calibrated by laboratory and clinical procedures. Evidence of pain, of necessity, must be subjective and, for that reason, the higher courts wisely directed that subjective evidence of pain be considered in disability determinations. This is particularly true when a back condition is involved. The following pertinent language is found in Underwood v. Ribicoff, supra.

* * * [T]he Referee gave inadequate consideration to the possibility of severe orthopedic trouble. This is a physical defect which is notorious in medical circles for difficulty of clinical proof. There are objective findings in this record pointing to a severe back ailment. * * * The Referee gave inadequate consideration to the tie-in between these objective findings and the subjective evidence of severe radiating pains in the back and inability to withstand slight exertion because of them.

It has been held that pain, standing alone, if so severe as to be disabling may form the basis for an award of disability benefits. "The court also recognized that pain unaccompanied by any objectively observable symptoms which is, nevertheless real to the sufferer and so intense to be disabling will support a claim for disability benefits." Brandon v. Gardner, 377 F.2d 488 (4th Cir. 1967); 23 A.L.R.3d 1053. See also Mode v. Celebrezze, 359 F.2d 135 (4th Cir. 1966); Sayers v. Gardner, 380 F.2d 940 (6th Cir. 1967); Ber v. Celebrezze, 332 F.2d 293 (2nd Cir. 1964).

■ Moreover, the courts have frequently held that although the plaintiff's personal physician's opinion is not binding on the Secretary it is entitled to substantial weight. Heslep v. Celebrezze, 356 F.2d 891 (4th Cir. 1966). This is especially true when the plaintiff's family doctor is present at the hearing and testifies in person, and the other medical evidence consists merely of medical reports and their authors are not present to explain them and to undergo cross-examination. Cohen v. Perales, 412 F.2d 44 (5th Cir. 1969). The testimony of Dr. White, plaintiff's family doctor is entitled to even more weight in the instant case because he has treated plaintiff for some fourteen years, and was extremely familiar with her condition, having seen her fifteen to twenty times recently, and because of his special interest in plaintiff's case due to his sincere belief that she was disabled.

■ The physicians who examined plaintiff for the Social Security Administration found minimal arthritic changes. One stated that her voluminous complaints were out of proportion

to objective evidence of disease. It must be carefully borne in mind, that it is irrelevant what amount of pain and discomfort a particular condition would cause the average person. The objective standard of the average man is not used. The pertinent inquiry is the amount of pain and discomfort which the condition causes this individual; whether the condition causes the plaintiff so much pain and discomfort as to be disabling. Mode v. Celebrezze, supra, Ber v. Celebrezze, supra. There can be no doubt that plaintiff in the case at bar suffers from pain so intense and severe that she is disabled. After a study of this record there can be no doubt that Mrs. Griffin is unable to engage in any gainful activity.

Accordingly, the Secretary is reversed and plaintiff is awarded disability benefits based upon a disability beginning July 25, 1967.

And it is so ordered.