**Lilly C. KENNEDY, Plaintiff,**

v.

**Robert H. FINCH, Secretary of Health, Education and Welfare, Defendant.**

**No. PCA 2094.**

United States District Court,
N. D. Florida,
Pensacola Division.

March 27, 1970.

9. See Amsterdam, (a) at 892.

10. See Amsterdam, (b), at 893.

11. See Amsterdam, (c) at 894.

12. See Amsterdam, 904–906.

13. See Amsterdam, (a) at 904.

14. See Amsterdam, (b) at 906.

David W. Palmer, Crestview, Fla., for plaintiff.

William H. Stafford, U. S. Atty., Pensacola, Fla., for defendant.

## MEMORANDUM DECISION

ARNOW, Chief Judge.

This cause is before this Court upon motions for summary judgment filed by both Plaintiff and Defendant.

This is a proceeding by Plaintiff to review the final decision of the Secretary of Health, Education and Welfare under the Social Security Act (42 U.S.C. § 405(g) ), the Defendant Secretary

having denied disability benefits to the Plaintiff under the Act. (42 U.S.C. § 401 et seq.) It is admitted that the Plaintiff has exhausted her administrative remedies. It is further admitted that the Plaintiff last met the special earnings requirements of the Act on March 31, 1968. 42 U.S.C. § 416(i). Thus, the sole question for determination is whether the Plaintiff was on that date under a disability within the meaning of the Act. As defined by the Act, "disability" means "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 416(i) (1), 423(d) (1).

■■ The bounds of this Court's review of the Secretary's determination are delineated in 42 U.S.C. § 405(g) which provides that "the findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive * * *". Substantial evidence has been repeatedly defined as not necessarily a preponderance of the evidence, but more than a scintilla. Thomas v. Celebrezze, 331 F.2d 541, 543 (4 Cir. 1964); Hall·v. Gardner, 286 F.Supp. 488 (D.Me.1968). Findings as to credibility are within the province of the Secretary and not of the trial court. Celebrezze v. Zimmerman, 339 F.2d 496 (5 Cir. 1964).

■ Nevertheless, the Court is not obliged to rubber stamp administrative decisions. Gardner v. Brian, 369 F.2d 443 (10 Cir. 1966); Santiago v. Gardner, 288 F.Supp. 156 (D.Puerto Rico 1968).

■ There are four elements which must be considered in determining whether a claimant is disabled within the meaning of the Social Security Act: (1) The objective medical facts, which are the clinical findings of the physicians divorced from their expert judgment or opinions as to the significance of these findings; (2) the diagnosis and expert medical opinions on subsidiary questions of fact, such as the effect of the clinically determinable impairments upon the individual; (3) the subjective evidence of pain and disability testified to by the claimant and corroborated by members of his family and others in a position to observe him; and (4) the claimant's age, educational background, and work history. Underwood v. Ribicoff, 298 F.2d 850, 851 (4 Cir. 1962); Dillon v. Celebrezze, 345 F.2d 753 (4 Cir. 1965).

Examination of the record in the instant case reveals that the claimant, a 56-year-old Caucasian female, alleges that she has suffered from a number of ailments during the period in question and up to the present time, principally: weakness in legs, arms, neck, shoulders, and hands; weak spells; severe headaches; nervousness; swelling in stomach; severe pain in left side and chest. These allegations are corroborated by statements of her husband, daughter and others. Claimant was in an automobile accident in March of 1966.

The claimant has been examined or treated by approximately ten physicians, who at various times during this time found her to be suffering from a variety of ailments, principally: chronic depression, varying from moderate to severe; arthritis; mild diabetes; obesity; hypertension, varying from mild to malignant; and edema. The psychiatrist who examined her first reported her to be suffering from moderate chronic depression and, on the second examination, diagnosed her problem as hypochondriacal reaction with depressive features. Claimant also had several X-rays and other laboratory tests, which, for the most part, were negative, except as to the arthritis.

Of the examining physicians, seven reported categorically that the claimant was totally disabled in her condition from engaging in gainful employment and would probably continue to remain so. The rest did not give any opinion. None stated that the claimant was able to be productively employed. The doctor

who examined her after the automobile accident felt that as to the whiplash injury which she sustained, the prognosis would be for complete recovery, but referred her to an orthopedic specialist for further observation.

The Hearing Examiner, in making his findings, apparently relied principally on the fact that the laboratory tests were largely unrevealing, and on the finding by the psychiatrist on her second visit that claimant was not psychotic and that he was "not nearly so inclined to regard her as depressed as I was a few months ago." However, his diagnosis at this time was "hypochondrical reaction with depressive features," and he made no statement as to her ability to work. At about the same time, an internist who examined the claimant stated categorically, "Without a doubt, this patient is not and cannot in her present state of health be a productive individual."

A person suffering from severe hypochondria might experience pain so intense as to be disabling to that person. Mode v. Celebrezze, 359 F.2d 135 (4 Cir. 1966). Nervous disorders, causing symptoms which would not ordinarily result in any positive results in laboratory tests, have also been held to be disabling. Beggs v. Celebrezze, 356 F.2d 234 (4 Cir. 1966); Hall v. Gardner, 286 F.Supp. 488 (D.Me.1968).

Although medical conclusions are not necessarily binding upon the Examiner, Mullen v. Gardner, 256 F.Supp. 588 (E.D.N.Y.1966); Causby v. Celebrezze, 244 F.Supp. 274, 275 (W.D.S.C.1965), where the expert medical opinions expressed by doctors who have treated and examined an applicant state that he is disabled from engaging in any substantial gainful activity, a contrary finding by a hearing examiner is reversible error in the absence of countervailing substantial evidence. Walston v. Gardner, 381 F.2d 580 (6 Cir. 1967); Pope v. Celebrezze, 209 F.Supp. 392 (W.D.N.C. 1962); McCord v. Celebrezze, 221 F.Supp. 206 (W.D.S.C.1963).

In this case, the majority of the treating or examining physicians were of the opinion that the claimant was incapable of any gainful employment, a few did not express any opinion, and none stated that the claimant was able to work. Nowhere in the record does there appear any medical opinion or any other countervailing evidence indicating ability of this claimant to engage in substantial gainful employment.

It appears that the Hearing Examiner, in arriving at his decision, was also influenced by the fact that at various times the examining physicians reached different conclusions as to the nature of the claimant's ailments, but, for one reason or another, they were almost unanimously of the opinion that the claimant was unable to work. The Examiner here apparently substituted his own impression of the claimant's conduct and appearance, disregarding the medical evidence, in concluding "that all Mrs. Kennedy needs is to go on a reducing diet to cure her marked obesity, and to realize that there is fundamentally nothing wrong with her." However, the ultimate question in cases of this kind is not the exact cause of a disabling impairment, but whether claimant has a medically determinable impairment, and, if so, whether it renders him unable to engage in any substantial gainful activity. Colwell v. Gardner, 386 F.2d 56 (6 Cir. 1967); Hall v. Celebrezze, 314 F.2d 686 (6 Cir. 1963). Where the uncontroverted medical evidence tends to establish disability, the expert opinions are binding on the Examiner if not controverted by substantial evidence to the contrary. Celebrezze v. Warren, 339 F.2d 833 (10 Cir. 1964); Pope v. Celebrezze, supra; McCord v. Celebrezze, supra.

The Examiner also dismissed the affidavits of the claimant's family and neighbors as being submitted by "an array of well-wishers." Findings as to credibility are within the province of the Examiner and are not for the trial court to review. Celebrezze v. Zimmerman,

supra. However, testimony of disability submitted by persons in a position to observe the claimant is one factor which must, at least, be considered by the Examiner. Dillon v. Celebrezze, supra.

Since there is no evidence that the claimant is able to engage in any substantial gainful employment, it is unnecessary to consider vocational testimony as to what employment would be available to her.

█ On the record before this Court, the finding of the Secretary is not based upon substantial evidence and must be reversed.

An order will be entered in this cause in accordance with the foregoing.