Pedro ZAMBRANA-DOMENECH,
Plaintiff,

v.

SECRETARY OF HEALTH, EDUCA-
TION AND WELFARE,
Defendant.

Civ. No. 562-74.

United States District Court,
D. Puerto Rico.

Dec. 13, 1974.

Rafael Perez-Bachs, San Juan, P. R., for plaintiff.

Asst. U. S. Atty. Ignacio Rivera-Cordero, San Juan, P. R., for defendant.

## MEMORANDUM AND ORDER

CANCIO, Chief Judge.

This action is brought under Section 205(g) of the Social Security Act, as amended, 42 U.S.C. § 405(g), seeking review of the Secretary's final determination denying plaintiff's application for a period of disability and disability insurance benefits. The Secretary's decision was based upon Section 216(i) and 223(d) of the Act, as amended, Sections 416(i) and 423(d), which held that the claimant's impairments were not established to be of sufficient severity as to preclude him from engaging in any type of substantial gainful activity.

Claimant was last regularly employed as a carpenter's aid in construction work, at the time of the accident that precipitated the plaintiff's request for disability insurance benefits. At the time of the second and last hearing, claimant was 43 years old, he had completed three elementary grades of education and he could read and write.

The claimant has a long work history. He began working at the early age of fifteen. For fifteen years he worked in agriculture, weeding coffee with a "machete" and taking out charcoal. For the next ten years claimant worked as a painter's helper and was thus employed at the date of his incapacitating fall on March 23, 1966. The claimant has not worked since then but has demonstrated and has attempted to secure work of a related nature and has been rejected due to his back condition (Tr. 34). Once such attempt was with a housing project in November 1971 (Tr. 33). He has a current application with the Water Re-

sources Authority to mix cement but has asserted that he "cannot do it." (Tr. 33). Vocational Rehabilitation has offered him a cart with which to sell hot dogs but the claimant asserts that he cannot push the cart or do the necessary bending required to reach the stored hot dogs (Tr. 47).

Claimant complains of both physical and mental discomforts which seem to this Court to have the sufficient objective evidence attached to them to merit additional evaluation and consideration by the Secretary of Health, Education and Welfare. Claimant not only suffers from the usual and difficult to detect discomforts of the back, associated with back surgery, but also suffers from other mental and physical ailments developed since his back surgery. Claimant complains of "his mind", of his left leg being numb. He claims that he has also fallen and hurt his right arm, but has never sought medical attention for this fall. He is run down, complains of dizzy spells, of headaches every half hour, relieved with Cortal (Tr. 34–35). He suffers from high blood pressure and a nervous condition. At times he has stabbing pains in his heart for which he takes prescribed drops (Tr. 36). He has difficulty bending (Tr. 38). The longest he can sit is ¾ hours or one hour. He cannot do alternating sitting and standing work because he must also lie down.

Plaintiff filed an application for a period of disability and for disability insurance benefits on December 6, 1967 (Tr. 104–107); he was found "disabled" beginning March 23, 1966; on June 14, 1968 a disability determination (Tr. 108–109 was made wherein it was determined that plaintiff's disability ceased on March 13, 1968 and his entitlement to a disability period and to disability insurance benefits ended on May 30, 1968. It was held that plaintiff was under a disability from March 23, 1966 to March 13, 1968, the diagnosis being that a herniated nucleous pulposis at L–4–L–5 had been operated and that there had been

recovery. It was determined that the medical evidence revealed that plaintiff became disabled on March 23, 1966 and continued so until March 13, 1968; that plaintiff had improved medically, and that he could realistically be expected to resume substantial gainful activity at the later date and that, therefore, the period of disability ended on May 30, 1968.

On July 24, 1969, on reconsideration, a hearing examiner before whom plaintiff appeared, found plaintiff was no longer disabled (Tr. 94–101); request for review was dismissed by the Appeals Council on March 30, 1970 because the filing for review was beyond limit (Tr. 153). This decision became the final decision of the Secretary when the plaintiff failed to pursue the rights of appeal available to him under the Act and Regulations. Plaintiff again filed application on June 1, 1970 (Tr. 154–157) which was denied initially, and on reconsideration. Plaintiff requested a hearing which was held on November 11, 1971 (Tr. 26). The case was considered de novo and on February 16, 1972 found that the plaintiff was not under a disability starting on or before September 30, 1971 when he had the necessary disability insurance status (Tr. 8–19). This decision became final when approved by the Appeals Council on May 25, 1972 (Tr. 5).

The only issue before this Court is whether the Secretary's finding that plaintiff was not under a disability is supported by substantial evidence. We think that a fresh reconsideration of the evidence in the record as well as any available evidence would be necessary to adequately sustain the Secretary's finding and therefore remand the case for further proceedings at the administrative level.

We have before us a forty-six year old man, who has known nothing else in life but work from the tender age of fifteen, living in ignorance, hard physical manual work and near poverty. The claimant before us has experienced an actual

fall, a fall which led to spinal surgery and a subsequently proven period of disability. What is actually before us is whether this man deserves to be believed when he subjectively asserts that the period of disability initially warrants him an extension because of his still being under that disability.

■ The Secretary's finding is that the claimant has failed to establish that he was unable to engage in substantial gainful activity. The Secretary's decision seems to erroneously conclude that the claimant must establish his inability to engage in gainful activity with objective evidence obtained by medically acceptable clinical and laboratory techniques to the exclusion of claimant's own subjective assertions of inability because of pain, discomfort and limitation in movement. The Secretary admits that the evidence of record does indicate that plaintiff had a condition best described as a back weakness; but that this evience was clearly not persuasive that the condition was so severe as to have precluded him from engaging in substantial and gainful employment.

The persuasiveness or lack of persuasiveness that the Secretary admits seems to have been measured and weighed in terms of the lack of objective data to fully substantiate this inability. This Court disapproved a similar approach in Santiago v. Gardner, D.C., 288 F.Supp. 156.

■ It is well known that disability benefits will not be granted exclusively on the subjective complaints and assertions of the individual, but if there is medical evidence on record, this can be used to support and corroborate the subjective symptoms. Santiago v. Gardner, supra.

The record is replete of both objective evidence and the subjective evidence that Santiago v. Gardner gives support to.

■ The claimant continually experienced and complained of pain, discomfort and limitation in movement as evidenced in the many medical reports.* This limitation, pain and discomfort is often accompanied by clinically observable symptoms (Tr. 134, 137–138, 207, 213–214, 215, etc.). Although these symptoms are not of the degree which would ordinarily support a conclusive disability compensation, they are sufficient, in the Court's opinion, to merit reconsideration in light of the jurisprudence cited which maintain the right to disability compensation in similar claims. Subjective complaints and pain are the cardinal signs of (and sometimes the only signs) back ailments. Although objective medical evidence is of utmost importance in the establishment of a disability, this Court has recognized that pain, even if unaccompanied by objective observable symptoms, can be so real and intense as to constitute, by itself, the basis for an award of disability benefits. Brandon v. Gardner, 4 Cir., 377 F.2d 488, Santiago v. Gardner, supra. Pain may also constitute a disability under Section 423, see 23 ALR 3rd 1034.

On remand, additional consideration should be given to claimant's subjective assertions of pain and discomfort in light of available objective data bearing on his back ailment, as well as additional tests if needed.

■ Further cause for remand is the fact that little weight was given to claimant's history of former arduous manual and unskilled labor as the only type of work for which the plaintiff was suited in light of his age, experience and training, but which his physical condition precludes him from performing. It is improper to determine that claimant was not disabled solely on considerations of physical impairments. Matías Rivera v. Gardner, D.C., 286 F.Supp. 305.

---

* "Patient states he has pain in left lower extremity." "The leg feels numb." (Feb. 1967, Tr. 133).

"Pain in low back . . . inability to stand, because of this pain . . . " (March 1968, Tr. 137).

In his findings, the hearing examiner "recognized that claimant was unable to return to his previous and usual arduous jobs" (Tr. 16). Nevertheless, we are not convinced the Secretary had sufficient evidence to conclude that there is generally available employment of the kind for which he is fit and qualified. Torres v. Celebrezze, 1 Cir., 349 F.2d 342. The jobs suggested by the vocational expert appear to be quite theoretical for a plaintiff who is suffering from back pains, leg pains, loss of vision of an eye, and hysterical or anxiety neurosis. It is hard to believe that a person like the plaintiff, suffering from the aforementioned ailments, can be employed as the vocational expert suggested. The plaintiff contends that the employment suggested by the vocational expert in this case is not enough to deny his rights to disability insurance benefits because even if such employment is possible, it is not probable and available and his age, education, experience and physical and mental condition prevent him from obtaining those jobs.

At the hearing claimant testified that he had made unsuccessful efforts to secure employment (Tr. 33–34). Less evidence is needed to support a finding of disability than where the applicant has made no such effort in such a case. Reyes Robles v. Gardner, D.C., 287 F. Supp. 200. Whether employers would hire the individual applicant is the pragmatic test to be applied. Reyes Robles v. Gardner, 287 F.Supp. 200, Thomas v. Celebrezze, 4 Cir., 1964, 331 F.2d 541, 546.

A remand is further justified under the good cause proviso of 405(g) of the Social Security Act in consideration of the questionable treatment of the claimant by the hearing examiner (Tr. 28–29, 31, 34, 36–38, 42, 45–50, 52) and the "impartial" vocational expert under the standards set forth by this Court in Concepción v. Secretary of Health, Education and Welfare, D.C., 337 F.Supp. 899 and Torres v. Secretary of Health, Education and Welfare, D.C., 337 F. Supp. 1329.

In view of all the above considerations, this case is hereby remanded for further consideration not inconsistent with this opinion.