Alphonzo L. BARNETT

v.

David MATHEWS, Secretary of Health, Education and Welfare.

No. CA 3–75–1091–C.

United States District Court,
N. D. Texas,
Dallas Division.

Sept. 1, 1976.

Clint A. Barham, Dallas, Tex., for plaintiff.

Michael P. Carnes, U. S. Atty., Charles D. Cabaniss, Asst. U. S. Atty., Dallas, Tex., for defendant.

MEMORANDUM OPINION

WILLIAM M. TAYLOR, Jr., Chief Judge.

Upon consideration of the cross Motions for Summary Judgment filed in this Social Security disability appeal, it is the opinion

of the Court that plaintiff's Motion must be granted and the claim remanded for rehearing on the question of claimant's ability to perform other substantial gainful employment.

 It seems settled that " . . . once a claimant succeeds in establishing the fact [that he is unable to perform his usual job] . . . the burden shifts to the Secretary to show that there is some other kind of 'substantial gainful work' that the claimant is able to perform," *Lewis v. Weinberger*, 515 F.2d 584 (5th Cir. 1975). The finding that claimant could perform other substantial work was apparently based on the testimony of one vocational expert. The claimant, a man with a sixth grade education, was unrepresented at the hearing and no questions were asked of the expert with regard to the bases of his opinion. The interrogation of the expert by the Administrative Law Judge consisted primarily of three hypothetical questions regarding claimant's employment capabilities. The expert witness gave as his answer to the first question that claimant was disabled from his prior job. In response to the third question which assumed that claimant experienced pain upon turning his head from side to side, the expert stated that such a difficulty, combined with his other limitations, would render claimant disabled for all employment. Only in response to the second hypothetical question did the witness suggest that there were other specific jobs which claimant could perform.

The hypothetical question which elicited the response favorable to the government's position assumed that claimant could perform sedentary work. There is not substantial evidence in the record, however, to establish that claimant could perform a sedentary job, that he could do so on an eight-hour-per-day, five-day-a-week, fifty-week-a-year basis, or that he could perform such work without significant pain or danger of aggravating his injuries.

Further, there is not substantial evidence to show that claimant's psychological adjustment to his physical disabilities was taken into account by the Appeals Council even though claimant submitted a report by a clinical psychologist stating that claimant was totally and permanently disabled due to psychological difficulties arising from his physical condition. It seems clear that the proper question in disability cases should not be whether an average man with the residual capabilities indicated can engage in substantial gainful employment but whether the individual claimant can do so. *Mode v. Celebrezze*, 359 F.2d 135 (4th Cir. 1966).