**Eddie SMITH, Plaintiff,**

**v.**

**Caspar WEINBERGER, Secretary of Health, Education and Welfare of the United States of America, Defendant.**

**Civ. No. 72-2117-AAH.**

United States District Court,
C. D. California.

March 28, 1973.

Goldhammer & Kaufman by Alan Goldhammer, Los Angeles, Cal., for plaintiff.

William D. Keller, U. S. Atty., Frederick M. Brosio, Jr., Asst. U. S. Atty., Chief, Civ. Div., by Alan W. Peryam, Asst. U. S. Atty., for defendant.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

HAUK, District Judge.

This cause having come on for Hearing on March 12, 1973, on Plaintiff's Motion for Summary Judgment, the Court having considered the written Memorandums of plaintiff and defendant in support of their respective Motions for Summary Judgment, and having heard the oral arguments of counsel and having reviewed the transcript of Administrative record, and being fully advised, makes the following findings of fact and states the following conclusions of law.

### FINDINGS OF FACT

#### I

Plaintiff is a resident of the Judicial District of this Court.

#### II

This action was commenced within sixty days after the plaintiff was notified of the final decision of the Secretary of the Department of Health, Education and Welfare of the United States of America.

#### III

Defendant is the Secretary of the Department of Health, Education and Welfare of the United States and has filed as part of his answer herein a certified copy of the transcript of the record.

#### IV

The plaintiff filed an application for disability benefits on November 20, 1963, alleging that he was totally disabled commencing in April of 1961. This November 20, 1963 application was denied after a Hearing before the Honorable John A. Heuer, Administrative Law Judge on December 8, 1965 holding that the plaintiff had not become disabled at any time on or before March 31, 1962. The plaintiff last met the earnings eligibility requirements of the Social Security Act on March 31, 1962. The plaintiff filed another application on September 28, 1966, claiming he was disabled since late 1962. This second application was denied upon initial consideration. The plaintiff filed a third application for benefits on August 26, 1969. This third application was denied on initial consideration and on reconsideration. The plaintiff timely requested a Hearing and after a Hearing held on February 23, 1971 before the Honorable Charles J. Munz, Jr., Administrative Law Judge, at which time the plaintiff testified as well as a Vocational Expert and Psychologist, Dr. George D. Demos, who appeared on behalf of the Social Security Administration, Judge Munz ruled on March 10, 1971, reopening all earlier determinations, and finding a period of disability and disability benefits commencing February 28, 1962. The decision of Judge Munz was reviewed by the Appeals Council of the Department of Health, Education and Welfare, on its own motion, and, after the introduction of additional evidence, the Council, in August of 1972, reversed Judge Munz's decision, determining that the plaintiff was not entitled to any period of disability nor disability benefits as of March 31, 1962, the last date the plaintiff was eligible to receive benefits. The Decision of the Appeals Council became the final decision of the Secretary of Health, Educa-

tion and Welfare and subject to review by this Court.

## V

The Plaintiff last worked in February of 1962 and met the special earnings requirements of the Act as of March 31, 1962. The plaintiff had a high school education and his work background was primarily as a brick tender and laborer.

## VI

In 1951, the plaintiff was involved in an automobile accident and suffered injuries to the head and back. In 1956 he suffered injuries to the right shoulder and suffered an injury in 1962 to his back. His earnings record demonstrates only sporadic earnings since early 1957.

## VII

Although the medical reports are voluminous, the following findings are notable. The plaintiff was treated primarily by the Veterans' Administration. Their reports note an unstable lumbosacral joint in 1958. The plaintiff had received a 10% service connected disability rating ever since 1954. In September of 1962, reports noted a moderate localized scoliosis of the lower lumbar spine and chronic strain of the lumbar spine. Myositis was diagnosed in 1964. The plaintiff then could not reach within 12 inches of the floor. In 1964 it was noted that his scoliosis was "quite marked" and that there was considerable fuzzing of the lumbar disc interspace and wide separation of the facets in the lumbar area. A chronic tension state was diagnosed. In 1969, myleograms revealed a bilateral defect and herniated disc. At that time, the plaintiff underwent a laminectomy and disectomy. The surgical and hospital report reflected that the plaintiff had a chronic low back problem but could have had a central disc problem and that the operation found a moderately herniated disc which was decompressed. Dr. Fred A. Polesky, after a personal examination of the plaintiff, diagnosed a severe cerebral concussion and severe back strain complicated by interverbral disc injury occurring in the 1951 auto accident, causing psychiatric difficulties because of persistent pain since the 1951 auto accident.

In 1958 the plaintiff underwent an uneventful lipoma operation and became violent, sobbing uncontrollably. He was diagnosed at that time as a passive-aggressive personality. The plaintiff was not eligible for psychiatric treatment by the Veterans Administration, as such impairment was not considered service-connected, however, reports do refer to other violent episodes, disorientation, concussion, continued tension headaches, loss of consciousness, blackouts, blurred vision, difficulty with memory and coordination and shaking hands. His condition was generally referred to as a passive-aggressive personality with a psychophysiologic reaction by the Veterans' Administration, although neurologic disease with psychomotor phenomena at one point was suspected. Medications included librium, mellaril, stellazine and valium. Dr. Peter Wilkins, a psychiatrist, who examined the plaintiff personally in 1970 diagnosed a post-concussive syndrome with personality changes. Dr. Wilkins referred to constant headaches, vision difficulties and memory problems since 1958 and noted also chronic depression and feelings of inadequacy. Psychotherapy began in 1967. A medical social worker, Morris Tolmach, reported an over-all borderline adjustment, referring to serious personal difficulties, chronic depression, irritability and isolation from others stemming from the 1951 accident.

Dr. George Demos, psychologist and vocational expert, testified at the February 23, 1971 Hearing that the plaintiff had suffered from a chronic psychophysiological reaction which had prevented the plaintiff from engaging in gainful employment since 1962.

## VIII

Dr. Sidney I. Green, a neurosurgeon, and Dr. Randolph A. Frank, a psychia-

trist, prepared medical reports for the Appeals Council without benefit of personal examination of the plaintiff. Dr. Green concluded that the medical evidence, as substantiated by medically acceptable clinical and laboratory techniques, did not demonstrate an impairment, singly or in combination, on duration or severity that met or equaled the impairments listed in the Appendix to the Social Security Regulations. Dr. Frank concluded that the medical evidence did not demonstrate any significant or severe emotional impairment. Both physicians felt the plaintiff had been able to engage in light to moderate sedentary activity if so motivated. Dr. Peter A. Wilkins, a psychiatrist, reported to the Appeals Council that he disagreed with the reports of Dr. Sidney I. Green and Dr. Randolph A. Frank. Dr. Wilkins stated that the plaintiff was delusional and that there was a prolonged history of personality decompensation demonstrating disabling post-concussive syndrome stemming from the 1951 auto accident.

### IX

The Appeals Council, in their reversal of Judge Munz's March 10, 1971 decision relied primarily upon the reports of Dr. Sidney I. Green and Dr. Randolph A. Frank. The conclusions in the reports of Dr. Sidney I. Green and Dr. Randolph A. Frank are not in accordance with the other medical evidence of record.

### X

Dr. Sidney I. Green and Dr. Randolph A. Frank did not personally examine the plaintiff nor did the Appeals Council permit plaintiff to confront and cross-examine Dr. Green and Dr. Frank. The plaintiff properly objected to the reports of Dr. Green and Dr. Frank. The Appeals Council permitted the plaintiff's counsel to submit interrogatories to Dr. Green and Dr. Frank. Dr. Green and Dr. Frank replied to such interrogatories. Plaintiff's counsel timely objected to the replies as an inadequate substitute for cross-examination and confron-

tation and as evasive, uncooperative and unresponsive.

### XI

The reports of Dr. Green and Dr. Frank were analyses of the medical evidence made without benefit of personal examination of the plaintiff. Such reports are unpersuasive and do not constitute substantial evidence supporting the decision of the Appeals Council. Without the reports of Dr. Frank and Dr. Green, decision of the defendant is not supported by any substantial evidence.

### XII

■ The objections by plaintiff's counsel were timely and correctly taken. The interrogatories directed at said Dr. Green and Dr. Frank were not an adequate substitute for cross-examination and confrontation of witnesses. The answers to the interrogatories submitted by Dr. Green and by Dr. Frank were evasive, unresponsive, and wholly inadequate. The plaintiff did not receive due process of law.

### XIII

The defendant has incorrectly interpreted the applicable law in his decision herein. The defendant's findings of fact are not supported by substantial evidence.

### XIV

■ Giving due consideration to the existing Administrative Record as considered herein by this Court, the plaintiff was disabled according to the admissible evidence of record and according to the provisions of the Social Security Act as amended, and entitled to a period of disability commencing February 28, 1962 and to disability benefits as provided by law based on the application filed November 20, 1963.

### CONCLUSIONS OF LAW

### I

■ Under the provisions of Section 205(g) of the Social Security Act, as

amended, 42 U.S.C. § 405(g), this Court has jurisdiction to review the final decision of the defendant to determine whether the decision is supported by substantial evidence, whether defendant has correctly interpreted and applied the relevant law, and whether plaintiff has been provided with due process of law.

## II

The defendant incorrectly interpreted and applied the relevant law and his final decision, and the findings of fact upon which it is predicated, are not supported by substantial evidence. The reports of Dr. Sidney I. Green and Dr. Randolph A. Frank relied upon by the Appeals Council in their August 1972 decision were improperly relied upon. Plaintiff, having timely requested rights of confrontation of witnesses and cross-examination, was entitled to confront and cross-examine Dr. Green and Dr. Frank. The Plaintiff was not provided with due process of law. The final decision and findings of the defendant are not approved by this Court.

## III

Giving due consideration to the existing Administrative Record as considered herein by this Court, the plaintiff was disabled, according to the provisions of the Social Security Act as amended, and entitled to a period of disability commencing February 28, 1962 and to disability benefits as provided by law based on his application filed November 20, 1963.

## IV

The final decision and findings of the defendant are vacated and the case remanded to the Secretary of Health, Education and Welfare for further proceedings in accordance with these findings and conclusions herein and the judgment to be entered. Should the defendant wish to have additional medical testimony, such testimony is to be provided by physicians who have personally examined the plaintiff and who shall be made available thereafter for confrontation and cross-examination at a Hearing in the local area in which plaintiff resides. Plaintiff shall be entitled at such Hearing, if the same takes place, to provide rebuttal by way of witnesses or testimony. If the defendant wishes to have additional medical testimony to be obtained under the conditions set forth above, the defendant is to commence the same with all due speed.