**James P. SMITH, Plaintiff,**

v.

**Joseph A. CALIFANO, Jr., Secretary of Health, Education, and Welfare, Defendant.**

**Civ. A. No. 77–1789.**

United States District Court, District of Columbia.

Sept. 13, 1978.

Richard D. Albright, Wanda D. Foster, Washington, D. C., for plaintiff.

Nathan Dodell, Asst. U. S. Atty., Washington, D. C., for defendant.

## MEMORANDUM AND ORDER

GESELL, District Judge.

■ Plaintiff claims that the Secretary acted arbitrarily and ignored the substantial weight of evidence disclosed at the administrative hearing when he denied plaintiff's claim for disability benefits under the Social Security Act, as amended, 42 U.S.C. § 301 *et seq.* Both parties have moved for judgment on the administrative record which the Court has thoroughly examined after considering the briefs and arguments of counsel.

The administrative record is inadequate to permit resolution of the issues and the matter must be remanded for further proceedings before the Secretary. As the papers indicate, a portion of the record on which the administrative law judge based certain findings has been lost. Plaintiff's counsel at the administrative level relied in part on portions of the lost transcript. In view of 42 U.S.C. § 405(g) (1976), the inability of the Secretary to produce a complete record of the proceedings before the agency frustrates judicial review. The problem is not, as the Secretary suggests, a mere matter of harmless error.

There is also a further difficulty. The administrative law judge determined that plaintiff, in spite of his many medical difficulties and subjective experience, was capable of doing "light work." There is nothing in the record or findings, however, to indicate what this elusive term comprehends. No vocational expert was called to testify and there is substantial uncontroverted evidence that plaintiff was unable to perform certain types of work that would appear to fall within the common meaning of the term "light work." Thus the record remains in a state of uncertainty.

On remand plaintiff's counsel should be afforded opportunity to present evidence from plaintiff to correct the absence of the missing transcript. In addition, and after hearing a vocational expert called by the Secretary, plaintiff should be allowed to present evidence from his own physician or other physicians bearing on his capacity to do work in the period under review.

■ The Court takes this occasion to comment on one other aspect of the case which has not affected the decision to remand but which the Court finds troublesome. In recent years the Court has had occasion to review a number of Social Security Act administrative records. Almost invariably the administrative law judge has

placed primary reliance on medical testimony and tended to ignore or discount the testimony of the applicant concerning his subjective complaints and experience. It is difficult for a reviewing judge on the stark record to balance the applicant's testimony against the medical testimony when, as here, the administrative law judge fails to comment on applicant's credibility. Obviously it would be appropriate for the administrative law judge to indicate those instances, if any, where it appears that a claim based on subjective elements such as pain is with or without foundation. An administrative law judge in circumstances such as this has an obligation to weigh the credibility of the witnesses and it would be beneficial to the reviewing courts if some appraisal of the quality of the applicant's testimony was given where the administrative law judge feels this can fairly be done based upon the appearances before him.

For the reasons above indicated, this matter is remanded to the Secretary promptly to hold supplemental hearings on the application to the extent stated.

SO ORDERED.