Fannie STEWART, Plaintiff,

v.

Patricia HARRIS, Secretary of Health, Education, and Welfare, Defendant.

No. C–80–0243 RFP.

United States District Court, N. D. California.

Nov. 3, 1980.

**32**

Robert Hughes, Community Legal Services, Palo Alto, Cal., for plaintiff Fannie Stewart.

William T. McGivern, Asst. U. S. Atty., San Francisco, Cal., for defendant Patricia Harris.

## MEMORANDUM AND ORDER

PECKHAM, Chief Judge.

This is a suit under section 1631(c)(3) of the Social Security Act, 42 U.S.C. § 1383(c)(3), to review a final decision of the Secretary of Health, Education, and Welfare denying plaintiff's application for Supplemental Security Income disability benefits as provided by section 1602 of the act, 42 U.S.C. § 1381a. The proposed decision of the Administrative Law Judge ("ALJ") became the final decision of the Secretary when the Appeals Council approved that decision on December 3, 1979. Both parties have filed motions for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. Because we find that the Secretary has failed to provide a complete record of the administrative proceedings, that the ALJ failed to set forth any specific reasons for rejecting the opinion of plaintiff's treating physician and plaintiff's subjective complaints of pain and that the ALJ failed to consider the effect of plaintiff's impairments *in combination*, we deny both motions for summary judgment and remand to the Secretary for the taking of additional evidence and for reconsideration of the denial of benefits.

On October 10, 1978, plaintiff filed an application for supplemental security income benefits based on disability, alleging that she was unable to work because of a combination of impairments, including diabetes mellitus, hypertension, a chronic ear infection, hip and back pain, and chronic fatigue. The Social Security Administration denied the application both initially and on reconsideration. The ALJ considered the case de novo and on July 17, 1979 found that plaintiff was not under a disability. The Appeals Council approved his decision on December 3, 1979.

Under section 1614(a)(3)(A) of the Social Security Act, the standard for determining whether an individual is "disabled" within the meaning of the Act is whether the plaintiff is

unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to last for a continuous period of not less than 12 months.

42 U.S.C. § 1382c(a)(3)(A).

The scope of judicial review in this action is limited by 42 U.S.C. § 405(g) to determining whether the findings of the Secretary are supported by "substantial evidence" or whether there is "good cause" for ordering that additional evidence be taken. The Secretary's findings, including any inferences drawn from the evidence and any resolutions of conflicts in the evidence, are conclusive if they have a substantial basis in the record as a whole. *Chavies v. Finch*, 443 F.2d 356 (9th Cir. 1971); *Rhinehart v. Finch*, 438 F.2d 920 (9th Cir. 1971); *Dean v. Gardner*, 393 F.2d 327 (9th Cir. 1968); *Mark v. Celebrezze*, 348 F.2d 289 (9th Cir. 1965); *McMullen v. Celebrezze*, 335 F.2d 811 (9th

Cir. 1964), *cert. denied*, 382 U.S. 854, 86 S.Ct. 106, 15 L.Ed.2d 238 (1965).

Despite this limitation on the scope of judicial review of the ALJ's decision, however, a reviewing court must insist that an adequate record be provided, so that it can determine whether crucial factual issues have been resolved and whether the correct legal standards have been applied in the administrative proceeding. We "cannot affirm the examiner's conclusions simply by isolating a specific quantum of supporting evidence." *Day v. Weinberger*, 522 F.2d 1154 (9th Cir. 1975). Nor can we speculate either as to the basis for the Secretary's opinion or as to what unintelligible or lost portions of the record might have contained. *See James Smith v. Califano*, 470 F.Supp. 898 (D.D.C.1978); *Neet v. Weinberger*, ¶ 14,562 C.C.H. Unempl.Ins.Rep. (E.D. Cal.1975); *John Wise v. Califano*, ¶ 16,411 C.C.H. Unempl.Ins.Rep. (D.C.Mass.1978).

In the instant case, apparently because of a malfunctioning tape recorder, the record is inadequate to permit effective review. The transcript of the administrative hearing is liberally sprinkled with "inaudibles" when plaintiff is speaking. Much of plaintiff's testimony concerning her prior work experience, the effect of her impairments on her present daily activities, and the pain her impairments cause her, is therefore absent from the record. Thus, it is impossible for us to determine whether there is substantial evidence to support the Secretary's finding that plaintiff is not disabled within the meaning of the act.

Because of the inadequacy of the record, there are at least three crucial factual issues as to which it is impossible for us to tell whether the ALJ reached a conclusion which is supported by substantial evidence. First, it is impossible for us to determine whether there is substantial evidence to support the ALJ's finding that plaintiff is able to engage in substantial gainful activity despite her pain. The Administrative Hearing Decision states that the judge

> ... has noted with concern the claimant's allegations of pain; and while pain is indeed an important factor to consider

in determining disability, the trier of fact is not obligated to accept as credible the almost entirely subjective and self-serving testimony of a claimant. The claimant's allegations concerning pain experienced have been carefully considered and it is the view of the Administrative Law Judge that the medical evidence does not establish a condition or disease which results in pain of the degree suggested by the claimant. Therefore, the claimant's allegations of pain are not concluded to be of such severity as to preclude him [sic] from engaging in substantial gainful activity.

It is true that the Secretary need not accept a claimant's subjective complaints alone as establishing a disability entitling her to benefits under the Act. 42 U.S.C. § 423(d)(5); *see also Waters v. Gardner*, 452 F.2d 855, 857 (9th Cir. 1971). However, the district courts have insisted that the Secretary accord great weight to such subjective complaints—even when examining physicians have been unable to pinpoint specific organic causes—and that he fully articulate his reasons for rejecting claims based on subjective complaints. *See, e. g., Thorne v. Weinberger*, 530 F.2d 580 (4th Cir. 1976); *Combs v. Weinberger*, 501 F.2d 1361 (4th Cir. 1974); *Nanny v. Matthews*, 423 F.Supp. 548, 552 (E.D.Va.1976); *Griffin v. Finch*, 303 F.Supp. 162 (D.S.C. 1969). This is appropriate: evidence of pain must necessarily be subjective because pain defies scientific calibration. Accordingly, courts have recognized that "pain unaccompanied by any objectively measurable symptoms ... is nevertheless real to the sufferer and [may be] so intense [as to] support a claim for disability benefits." *Brandon v. Gardner*, 377 F.2d 488 (4th Cir. 1967); *see also Mode v. Celebrezze*, 359 F.2d 135 (4th Cir. 1966); *Sayers v. Gardner*, 380 F.2d 940 (6th Cir. 1967); *Ber v. Celebrezze*, 332 F.2d 293 (2d Cir. 1964).

In the instant case we are unable to say whether the ALJ accorded an appropriate degree of weight to the claimant's testimony regarding her pain, since that testi-

mony is missing from the record. The judge explains his reasons for discounting plaintiff's subjective complaints only by labeling those complaints "self-serving" and by stating that "the medical evidence does not establish a condition or disease which results in pain of the degree suggested by claimant." As to the first objection, I would note that any claimant's testimony at his or her hearing to determine entitlement to government benefits is, by definition, "self-serving." Since pain, as noted above, can best be established by the claimant's own testimony, the fact that such testimony is necessarily self-serving is hardly a reason to reject the testimony out-of-hand. *See Stewart v. Califano*, 443 F.Supp. 842 (W.D. Mo.1978). As to the judge's second reason for discounting plaintiff's testimony regarding her pain—that is, that "the medical evidence does not establish a condition or disease which results in pain of the degree suggested by claimant"—I am unable to judge whether this finding is supported by substantial evidence because the deficient transcript does not disclose what type or degree of pain was, in fact, suggested by claimant. I also note that the record does contain significant evidence of disorders likely to cause and, plaintiff alleges, causing extreme pain, such as diabetes mellitus (associated with low back and hip pain, and with pain and numbness in feet), hypertension (associated with headaches), and a chronic ear infection.

In view of the careful consideration to be accorded claimant's testimony regarding pain, the deficiency of the record in this regard alone would warrant remanding this case for the taking of further evidence. But there is a second reason for doing so: namely, that the ALJ has not adequately explained his reasons for rejecting the opinion of plaintiff's treating physician, Dr. Perkins, that plaintiff is totally disabled. Numerous cases have held that the opinion of a claimant's treating physician is entitled to "great weight" or "substantial weight," and that the "findings of the ALJ should state why certain evidence was accepted and other evidence was rejected." *See, e. g., Griffin, supra; Croxall v. Weinberger*

¶ 17,536 C.C.H. Unempl.Ins.Rep. (N.D.Cal. 1973).

The ALJ in the instant case stated that a physician's conclusion as to whether or not his patient is disabled is "a conclusion upon the ultimate issue to be decided by the Administrative Law Judge ... [and] not determinative.... The weight to be given such person's statement depends on the extent to which it is supported by and consistent with all other evidence in the record." The ALJ has placed great emphasis on the fact that Dr. Perkins' statement that plaintiff is totally disabled is contrary to some of his treatment notes. However, it should be noted that a time gap of more than a year separates Dr. Perkins' notes of March, 1977, in which he describes plaintiff's condition as "well controlled," and his report of August, 1978, in which he describes plaintiff's diabetes as "disabling, labile, and uncontrolled." In view of the widely-known fact that diabetes can be an extremely volatile condition, I do not believe Dr. Perkins' change of mind justifies disregarding his most recent opinion.

Furthermore, although the ALJ need not blindly accept a treating physician's opinion as to disability, the fact that such an opinion is stated in conclusory terms does not render it meaningless. As one court stated, "objective medical diagnoses of the facts of claimant's condition can serve as a basis for evidentiary inferences as to the ultimate fact of disability. A doctor's opinion as to the total significance of these facts may be considered even though it goes to the ultimate question before the trier of fact." *Patino v. Weinberger*, ¶ 14,315 C.C.H. Unempl.Ins.Rep. (C.D.Cal.1975).

The ALJ below has also placed heavy emphasis on the report of Dr. Perlroth, which states (contrary to Dr. Perkins' report) that plaintiff "has had no sequelae of diabetes," that "her hypertension never warranted treatment," and that she has had "no other significant ailments" than her diabetes. Dr. Perlroth is employed by the California State Department of Health to

evaluate claims for disability benefits. His opinions seem to be based on plaintiff's own recitation of her medical history (which conflicts with Dr. Perkins' records in significant respects), and on an apparently rather perfunctory physical examination. Dr. Perlroth's report does not mention whether he also studied plaintiff's medical records.

Such an examining physician's report is, of course, relevant evidence. However, many courts have viewed such reports with some suspicion. *See, e. g., Smith v. Weinberger*, 356 F.Supp. 954 (C.D.Cal.1973). In a vigorous dissenting opinion in *Richardson v. Perales*, 402 U.S. 389, 411, 91 S.Ct. 1420, 1432, 28 L.Ed.2d 842 (1971), Justice Douglas expressed strong misgivings about "circuit-riding doctors" who examine claimants only briefly or not at all, stating that the use of such doctors to defeat claims for disability benefits "should be beneath the dignity of a great nation." 402 U.S. at 413, 91 S.Ct. at 1433. *Perales* upholds the use of hearsay medical reports in Social Security hearings, and the vast scope of the Social Security system probably requires the use of such evidence. However, we should heed Justice Douglas' warning against "parrot[ting] word for word" the conclusions of medical advisors who lack a treating physician's familiarity with the case.

Dr. Perlroth's opinion based on the cursory examination of plaintiff herein is suspect as against that of Dr. Perkins, plaintiff's treating physician. I believe that the ALJ's decision to rely on a medical opinion based on such slight data, in preference to that of a physician with four years' familiarity with plaintiff's chronic condition, must be more fully explained.

█ There is at least one further unresolved factual issue which a complete record might have helped to resolve. Testimony regarding the effect of plaintiff's multiple impairments *in combination with one another* is absent from the record. The medical evidence suggests that plaintiff suffers from a panoply of physical disorders, including diabetes mellitus and its complications, hypertension, a chronic ear infection, hip and lower back pain, chronic fatigue, and poorly-healed broken bones. The ALJ has enumerated these impairments and found that no one of them is disabling within the meaning of the act. He has, however, made no specific finding or conclusion as to the effect of the combination of plaintiff's impairments on her ability to engage in substantial gainful activity. Yet it is well-settled that when a claimant alleges such a multitude of impairments, a claim for Social Security benefits based on disability may lie even though no one of the impairments is disabling. It is also well-settled that in such a case it is essential that the ALJ make a specific and well-articulated finding as to the effect of the combination of impairments. *See Gray v. Califano*, 448 F.Supp. 1142, 1144 (S.D.Cal.1978); *Cutler v. Weinberger*, 516 F.2d 1282, 1285 (2d Cir. 1975); *Hicks v. Gardner*, 393 F.2d 299, 302 (4th Cir. 1968). Without the benefit of plaintiff's testimony regarding the effect on her daily activities of her impairments in combination with one another, it is impossible to determine whether the ALJ's treatment of this question was adequate.

It is possible that we could speculate as to the gist of at least certain portions of plaintiff's missing testimony, and thus uphold the Secretary's decision. This would, however, be improper. As one court put it in a strikingly similar case, ". . . a reviewing court does not review 'gists' of transcripts. Rather the court is duty bound to give careful scrutiny to the entire record to insure that there is substantial evidence to support the Secretary's finding . . . . [T]his court will not speculate as to what plaintiff might have said in the omitted portions of the transcript. To do so would be to introduce an element of guesswork into the exacting process of judicial review." *Wise v. Califano*, ¶ 16,411 C.C.H. Unempl.Ins.Rep. (D.C.Mass.1978).

Since the deficiency of the record prevents us from determining whether there is substantial evidence to support the Secretary's conclusions as to at least three crucial factual issues, we must deny both parties' motions for summary judgment, and remand the case to the Secretary for the

taking of further evidence and for reconsideration of the denial of benefits.

IT IS SO ORDERED.