**George JACKSON, Plaintiff,**

v.

**Margaret M. HECKLER, Secretary of Health and Human Services, Defendant.**

**No. C–82–6794 EFL.**

United States District Court, N.D. California.

Aug. 16, 1983.

Eleanor Eisenberg, John M. Maraldo, Sheryle Studley, Community Advocates/Legal Aid Society, Watsonville, Cal., for plaintiff.

Michael J. Tonsing, Asst. U.S. Atty., San Francisco, Cal., for defendant.

## ORDER

LYNCH, District Judge.

Plaintiff brings this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) for review of a final decision by the Secretary of Health and Human Services (Secretary) finding that plaintiff's disability for purposes of social security disability insurance benefits and supplemental security income benefits had ceased as of December 1981. The issue before this Court is whether the administrative hearing record provides substantial evidence to support the determination by the Administrative Law Judge (ALJ) that disability benefits should be terminated. *Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971); *Vidal v. Harris,* 637 F.2d 710, 712 (9th Cir.1981).

Plaintiff George Jackson is 48 years old with an eighth grade education. His employment history includes 18 years as a truck driver, furniture mover, retail clerk and farmer. On June 26, 1979, he applied for Social Security disability benefits pursuant to Title II and Title XVIII of the Social Security Act and supplemental security income pursuant to Title XVI of the Social Security Act. His initial claims were denied as was his request for reconsideration. On February 4, 1980, at a hearing before an ALJ, Jackson was found to be disabled as of September 12, 1977, due to a combination of disabilities related to severe degenerative joint and disc disease of the cervical and lumbar spine, poorly controlled hypertension and diabetes mellitus.

After a continuing disability investigation, the Social Security Administration found that plaintiff was no longer disabled and his entitlement to benefits was terminated. The ALJ considered the case *de novo* and, on June 30, 1982, found that plaintiff's disability had ceased in December 1981. The ALJ's decision became the final decision of the Secretary when it was approved by the Appeals Council on October 12, 1982.

Plaintiff contends that the Secretary improperly terminated his benefits by failing

to apply the proper legal standard of review and by failing to follow proper procedures in reviewing medical evidence.

The standard of review to be used by the Court is found in 42 U.S.C. § 495(g) which provides that "findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive...." Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales, supra,* 402 U.S. at 401, 91 S.Ct. at 1427.

An individual is considered disabled if he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The impairment must be so severe as to prevent the claimant from performing his previous work as well as "any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A).

■ The central issue in this case is whether the various medical reports furnish substantial evidence on which to base a termination of disability benefits.

Plaintiff was originally found to be disabled due to severe degenerative joint disease of the cervical and lumbar spine, poorly controlled hypertension and diabetes mellitus. The first ALJ determined that this combination of impairments prevented plaintiff from doing any sedentary work as of February 4, 1980. These findings relied heavily on the report prepared by Dr. Lawrence Susnow on November 29, 1979, which indicated that Jackson's blood pressure was 170/100, his glucose tolerance test was grossly abnormal and his back pain prohibited his sitting more than 15 to 20 minutes. He was considered obese with a weight of 246, recently down from 266. The ALJ noted that the claimant was compelled to stand throughout most of the hearing because of his back problems. Based upon Jackson's condition as of that date, the ALJ found the disability to have existed since September 12, 1977, the previously established onset date.

Plaintiff was given a consultative examination on November 13, 1981, by Dr. Thomas Devlin, an orthopedic surgeon. Jackson was found to be taking medication to control his hypertension and diabetes. His weight had decreased to 214 pounds. He exhibited full normal motion in the cervical spine in all planes. The x-rays of his lumbar spine showed discogenic disease at C5–6 and evidence of osteoarthritis of the upper portion. The only restriction that Dr. Devlin placed on the plaintiff was that he refrain from continuous very heavy lifting and carrying.

The plaintiff's own treating physician, Dr. Morris, examined him and reported on April 1, 1982, that he suffered from diabetes mellitus with peripheral neuropathy, hypertension with headaches, osteoarthritis of the cervical and lumbar spine, exoagenous obesity and residual third cranial nerve palsy with diplopia. His chief complaints were noted as severe headaches and back pain aggravated by almost any motion.

Further evaluation of Jackson's condition was done on May 11, 1982, by Dr. Stanley Monteith who diagnosed plaintiff as having symptoms of spinal stentosis referable to his legs, cervical arthritis, diplopia, hypertension and diabetes. His weight was 224 pounds. It was Dr. Monteith's conclusion that the sitting position was the most comfortable for plaintiff and that he could probably work from that position.

■ It is well settled that the burden is on the plaintiff to establish a *prima facie* case of disability. *Hall v. Secretary of Health, Education and Welfare,* 602 F.2d 1372, 1375 (9th Cir.1979); *Rhinehart v. Finch,* 438 F.2d 920, 921 (9th Cir.1971). Although plaintiff has the burden of proof, it is the rule in the Ninth Circuit that the plaintiff also has the benefit of a presumption that his disability still exists, absent evidence of a change in his condition. *Patti v. Schweiker,* 669 F.2d 582, 586 (9th Cir. 1982). This rule imposes a burden on the Secretary to go forward with the evidence

to rebut or meet the presumption. *Id.* at 587. Whether that burden is met is a judgment initially made by the Secretary and it cannot be overturned on appeal if the substantial evidence standard is met. *Id.*

Plaintiff bases his allegation that the second ALJ applied an improper legal standard of review at the cessation of disability hearing on the fact that similar language was used to describe Jackson's back problem in the original disability denial report of July 16, 1979, and in the 1982 report summarizing the latest findings of Drs. Devlin and Morris in the continuing disability investigation.

After Jackson's initial denial, a later diagnosis by Dr. Susnow in November 1979 resulted in his being found disabled due to a combination of impairments, including his back problems and his disability was established as of September 1977 when he was afflicted with Bell's Palsey. Significantly, plaintiff's back problems did not become part of the accumulation of impairments until March 1978 and it was not until November 1979 that the back pain reached a level that was determined to be disabling when considered in conjunction with Jackson's poorly controlled diabetes and blood pressure. Therefore the Court does not find it inconceivable that the medical report of a developing back problem in 1979 might be similar to one reporting an improved condition in 1982, especially when the back problem, was not the only impairment considered when plaintiff was initially found disabled. It is not the similarity of language from two different time periods which is of importance. Instead, the focus is properly on the difference between Dr. Susnow's medical report of November 1979 on which the ALJ especially relied in granting disability benefits and the most current reports which indicate that Jackson's medical problems are no longer sufficiently severe to warrant continuing his benefits. The proper standard of review is whether there has been substantial evidence compiled in the record to rebut the presumption of a disability that was previously determined to exist.

■ Plaintiff further maintains that the ALJ failed to consider his pain as disabling. While the Court recognizes that evidence of pain can be subjective, *Stewart v. Harris,* 509 F.Supp. 31, 33 (N.D.Cal.1980), great weight must also be given to the ALJ's objective observations as to the plaintiff's demeanor and credibility, *Good v. Weinberger,* 389 F.Supp. 350, 355–56 (W.D.Pa.1975). Although the x-ray studies confirm degenerative changes in the spine which could cause pain, there is no objective evidence to show that such pain is as incapacitating as Jackson claims. The Secretary need not accept a plaintiff's subjective complaints alone. *Stewart v. Harris, supra,* 509 F.Supp. at 33. Plaintiff's own physician, Dr. Morris, in the most recent report of April 1, 1982, noted the complaints of back pain but in an analysis of Jackson's physical limitations, found him able to sit for up to four hours, to walk for ten minutes, to stand for one hour and to lift up to ten pounds. Such capacity meets the exertional requirements for sedentary forms of gainful activity. 20 C.F.R. § 404.1567(a).

The plaintiff argues that the ALJ failed to consider all of claimant's impairments in combination. There is no dispute that plaintiff was originally found to be disabled due to a combination of impairments including severe degenerative joint disease of the cervical and lumbar spine, poorly controlled hypertension and diabetes. Each of these conditions was examined by the ALJ in making his decision to terminate plaintiff's disability status. According to the medical findings, both Jackson's hypertension and diabetes are amenable to treatment by oral medication and there was no evidence of severe impairment in plaintiff's cardiac reserve or of any notable end organ damage which would significantly affect his capacity for work. *See* 20 C.F.R. Part 404, Subpart P, App. 1., § 4.00 C. Dr. Morris stated that plaintiff's diabetes was under "fair control" as of April 1982. Although plaintiff argues that his obesity was not given due consideration, the entire spectrum of medical records reveals that Jackson's weight has decreased from approximately

266 pounds in mid-1979 to 224 pounds at the time of the latest examination in May 1982. The court in *Wray v. Flemming,* 181 F.Supp. 783, 784 (W.D.Ark.1960) recognized that such weight loss could result in the alleviation of diabetic problems. The most recent report by Dr. Monteith indicates that the plaintiff's weight is still decreasing, a condition easily viewed as an improvement in this case.

The allegation that the plaintiff's complaints concerning headaches were ignored is refuted by the ALJ's specific reference to his consideration of them. The Court notes that, other than the plaintiff's subjective complaints, there is nothing in the medical records to indicate a cause other than a possible connection with his hypertension, a condition already considered.

It is clear that while all of these medical problems were viewed individually on the basis of appropriate evidence, the findings of the ALJ are specific in their list of impairments considered conjunctively.

The plaintiff's argument that the ALJ failed to give clear and convincing reasoning in rejecting the treating physician's conclusion that plaintiff is disabled is not persuasive because Dr. Morris' periodic clinical diagnoses are similar to those of the other examining physicians. Especially noteworthy is Dr. Morris' April 1982 notation that the plaintiff could sit for up to four hours in contrast to his August 1979 opinion that Jackson was then limited to ten minutes of sitting. Even though Dr. Morris' 1982 conclusion that the claimant is completely disabled conflicts with the opinions of other physicians within the same time frame, it is the duty of the trier of fact to resolve such conflicts. *Richardson v. Perales, supra,* 402 U.S. at 399, 91 S.Ct. at 1426; *see also* 20 C.F.R. §§ 404.1526(b), 416.926(b) (medical findings in evidence must be supported by medically acceptable clinical and laboratory diagnostic techniques).

■ The plaintiff also argues that the ALJ took no notice of medical reports prior to September 1981. The ALJ has provided a detailed summary of all records available for consideration since the date plaintiff was originally found disabled and has examined them for signs of improvement in the claimant's condition. Previous records are relevant primarily for purposes of comparison in determining whether the Secretary has met her burden in rebutting the presumption that the disability exists. The ALJ found that sufficient improvement had been noted in plaintiff's condition. Better control of his hypertension, diabetes and obesity as well as a better range of movement in the cervical area of the spine combine to allow Jackson to pursue a sedentary occupation.

Even though plaintiff does seem to have a number of medical problems, there is substantial evidence in the record that his condition has improved such that these combined impairments do not preclude performance of sedentary forms of substantial gainful activity as of December 1981. Considering the plaintiff's background in conjunction with the medical-vocational regulations at 20 C.F.R. § 404.1501 *et seq.,* a finding of not disabled is appropriate. Denial of benefits on the basis of these regulations is proper. *Heckler v. Campbell,* —— U.S. ——, 103 S.Ct. 1952, 76 L.Ed.2d 66 (1983).

This Court finds that there was substantial evidence to support the ALJ's finding that plaintiff was no longer disabled as of December 1981. Therefore, the Secretary's finding must be affirmed.

Accordingly, IT IS ORDERED that defendant's motion for summary judgment is hereby granted; plaintiff's motion for summary judgment is hereby denied.

IT IS SO ORDERED.