George A. BAILEY, et al., Plaintiffs,

v.

Margaret M. HECKLER, Secretary of the Department Health and Human Services, Defendant.

Civ. A. No. 83–0753.

United States District Court, District of Columbia.

Jan. 6, 1984.

Alan M. Perlman, Silver Spring, Md., for plaintiffs.

Stanley S. Harris. U.S. Atty., Royce C. Lamberth, and Newman T. Halvorson, Jr., Asst. U.S. Attys., Washington, D.C., for defendant.

CHARLES R. RICHEY, District Judge.

This action is brought under 42 U.S.C. § 405(g) to review the final decision of the Secretary of Health and Human Services terminating the plaintiff's disability benefits. Both parties have moved for judgment on the administrative record which the Court has considered along with their motions, memoranda of points and authorities, and their proposed findings of fact. For the reasons stated below, the Court remands this case for reconsideration by an Administrative Law Judge (ALJ).

## BACKGROUND

It is particularly helpful to discuss the facts of this case in detail.

Mr. Bailey was born on April 30, 1933. He has an 11th grade education and worked as a laborer in the construction industry for over twenty-five years. (R. 152; 34–35).[1] Mr. Bailey injured his left foot while working in August, 1978, and on January 26, 1979, he injured his back while loading steel. As a result of this back injury, Mr. Bailey developed problems with his right knee. (R. at 137).

In February, 1979, Mr. Bailey had surgery for his foot injury and was fitted with a lumbar corset to help relieve his back pains. Later that year plaintiff was fitted with a cane and in December his right knee was operated on.

On March 26, 1979, Mr. Bailey applied for disability benefits. Initially his claim was denied, but, in a decision dated December 7, 1979, an ALJ awarded Mr. Bailey benefits as of January 26, 1979.

In awarding benefits the ALJ determined that Mr. Bailey was unable to work because of, among other things, low back pain, damage to his left big toe which limited its capacity to bear weight or bend; torn ligaments in his right knee which often caused the knee to buckle; and severe left leg and foot pain which restricted his ability to stand or walk for extended periods. The ALJ noted that Mr. Bailey wore a back brace, used a cane, took medication to relieve pain, and had been under continuous medical management since January 1979. (R. at 137–38).

During the period he received benefits, Mr. Bailey was examined regularly by physicians. All their reports agree that Mr. Bailey was not capable of returning to his previous work.

In November 1981, Mr. Bailey was notified that as a result of improvement in his condition he would no longer be considered disabled. Accordingly, his benefits would stop as of that month. On appeal, this determination was modified by the Appeals Council which found that his disability had ended as of October 1981. Having exhausted his administrative remedies, Mr. Bailey filed this action.[2]

Plaintiff's counsel makes several arguments in support of his motions for remand or reversal. Only one need be discussed.

Plaintiff alleges that the sound quality of the tape recording of the hearing under review here was so poor that it was impossible to construct a complete, accurate transcript of those proceedings. The resultant gaps in the record make meaningful judicial review impossible. Therefore, plaintiff argues the appropriate remedy is remand for a hearing de novo so that an accurate record can be assembled.

## STANDARD OF REVIEW

 A district court performs a limited function when reviewing social security benefits cases. The court is not to reevaluate the evidence. Its role is only to determine whether or not the findings of the Secretary are supported by "substantial evidence." *Richardson v. Perales*, 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971). To enable the reviewing court to make such determinations, the Secretary has the obligation to provide a transcript of the administrative record. *Smith v. Califano*, 470 F.Supp. 898 (D.D.C.1978).

## JUDICIAL REVIEW IS IMPOSSIBLE AS THE RECORD CONCERNING A DETERMINATIVE FACT IS INCOMPLETE

 In the instant case, for whatever reasons, the record is incomplete[3] as to at

---

1. "R" refers to the pages of the administrative record submitted in this case.

2. Companion claims in this case were brought by Mr. Bailey's wife on behalf of herself and the couple's dependent children. As the result of all of the claims depend on the outcome in Mr.

Bailey's case, for the purposes of this opinion, all of the claims will be considered as one.

3. Defendant's counsel claims that Mr. Bailey's unrecorded answers were the result of his failure to speak into the microphone. (Defendant's

least one dispositive factual issue: the plaintiff's educational level. This deficiency makes it impossible for the Court to determine if the Secretary's findings are supported by "substantial evidence."

To promote uniformity of results, the Department of Health and Human Services has promulgated regulations that dictate the determinations of the ALJ on the ultimate question of disability. These regulations are presented in the form of grids on which are arranged the factors the statute makes relevant to determinations of disability.

Once he or she has made the necessary factual findings, the ALJ turns to the appropriate grid. (In this case it is that of Appendix 2, Table 1 listed in 20 C.F.R., Subpart P.) The actual process of reaching a conclusion on the question of disability is purely mechanical. The ALJ "literally reads off from the pertinent row in the table the conclusion that the applicant is or is not disabled." *Cummins v. Schweiker*, 670 F.2d 81, 82 (7th Cir.1982).

As noted above, one of the determinative factors is Mr. Bailey's educational level. The plaintiff alleges that the ALJ incorrectly determined his educational level and consequently incorrectly determined that the plaintiff was "not disabled." Specifically, Mr. Bailey claims that the ALJ erred in finding that he had a "limited education"[4] which, in turn, required the ALJ to apply Rule 201.18 of Table 1 which resulted in finding the plaintiff *not disabled.* The plaintiff claims that the facts mandate a finding that he is "illiterate"[5] which would require that the ALJ apply Rule 201.17 and result in a determination that he is *disabled.*

Obviously, the question of Mr. Bailey's educational level is dispositive. However, the hearing transcript is incomplete on this crucial point. (R. 34). Mr. Bailey's testimony concerning his ability to read and write was partly lost from the tape.

The ALJ's finding that Mr. Bailey has a "limited education" was, presumably based on Mr. Bailey's 11th grade education. But, the regulations explicitly state that "the numerical grade level completed may not represent [a claimant's] actual educational abilities" and, that other evidence may be introduced to prove that the actual level is higher or lower. 20 C.F.R. § 404.1564(b); *Corrie v. Schweiker*, No. 81–C 771 (N.D.Ill. March 8, 1982) (the court reversed the ALJ's finding that the plaintiff has a "limited education" which was made on the basis of his seventh grade education and conflicted with evidence the plaintiff could neither read nor write).

Here, the surviving portions of Mr. Bailey's testimony indicate that he may well be illiterate as that term is defined[6] for purposes of this case.

The transcript contains uncontradicted testimony that Mr. Bailey can neither read nor understand a newspaper. (R. 34). Even if Mr. Bailey is able to read at an elementary level, a finding he is illiterate would not be precluded. *See Olsen v. Schweiker*, 703 F.2d 751, 756 (3rd Cir.1983) (dissenting opinion) (claimant deemed to be illiterate though he could read at the second grade level.)

Counsel for the defendant admits that the transcript is incomplete because portions of the tape were inaudible and therefore not transcribed. (Defendant's Memo-

---

Memorandum in Opposition To Plaintiff's Motion to Remand, p. 3, n. 5).

**4.** "Limited education is defined as:
 ... ability in reasoning, arithmetic, language skills, but not enough to allow a person with these educational qualifications to do most of the more complex job duties needed in semi-skilled or skilled jobs. We generally consider that a 7th grade through the 11th grade level of formal education is a limited education.
20 C.F.R. § 404.1564(b)(3)

**5.** "Illiteracy" is defined as:
 ... the inability to read or write. We consider someone illiterate if the person cannot read or write a simple message such as instructions or inventory lists even though the person can sign his or her name. Generally, an illiterate person has had little or no formal schooling.
20 C.F.R. § 404.1564(b)(1)

**6.** *See* n. 5, *supra.*

randum In Opposition to Plaintiff's Motion to Remand, p. 3). Nevertheless, counsel urges that remand is unnecessary as "'it is highly improbable that the inaudible portions ... would change the sense of the answers properly recorded in the transcript." *Id.* Moreover, the inaudible testimony was heard by the ALJ who took it into consideration when reaching his decision. *Id.* at 4.

█ Whatever the probabilities, the absence of a complete record frustrates judicial review. The role of a reviewing court is to ensure that appropriate tests and standards are applied and maintained. The court is not to speculate as to whether certain information was or was not considered by the ALJ or whether lost testimony does or does not support his findings. *Stewart v. Harris,* 509 F.Supp. 31 (N.D. Cal.1980). It does not matter if the record is merely incomplete, *e.g.,* testimony lost because of a malfunctioning tape recorder, *Stewart v. Harris, supra,* or if the record of the hearing was lost altogether. *Williams v. Secretary of HEW,* 481 F.Supp. 69 (S.D.N.Y.1979) (tape recording of the hearing totally inaudible). When the record is incomplete on a dispositive factual issue, there is an inadequate basis on which the court can review the Secretary's determination. Therefore, the appropriate remedy is remand.

## CONCLUSION

In conclusion, the deficiency of the record makes it impossible to determine if the Administrative Law Judge's findings are supported by substantial evidence. Therefore, this case is remanded to the Secretary for the taking of additional evidence and reconsideration of the termination of benefits. The Court will enter an order in accordance with the foregoing of even date herewith.