**Elizabeth BLACK, Plaintiff,**

v.

**Margaret HECKLER, Secretary of Health and Human Services, Defendant.**

**No. 83 C 7584.**

United States District Court, N.D. Illinois, E.D.

July 30, 1984.

Sheldon S. Gomberg, Law Offices of Arthur S. Gomberg, Chicago, Ill., for plaintiff.

Dan K. Webb, U.S. Atty., Gail Ginsberg, Asst. U.S. Atty., Chicago, Ill., Donna Morros Weinstein, Regional Atty., Dept. of Health & Human Services, Chicago, Ill., for defendant.

## ORDER

BUA, District Judge.

The instant action was instituted by plaintiff pursuant to 42 U.S.C. § 405(g) to review a final decision of the Secretary of the Department of Health and Human Services (the Secretary) terminating plaintiff's disability insurance payments under Title II of the Social Security Act. Before the Court are the plaintiff's Motion for Summary Judgment or, in the alternative, for a Remand to the Secretary, and the defendant's Motion for Summary Judgment. For the reasons stated herein, both Motions for Summary Judgment are denied and the Motion for Remand is granted.

## BACKGROUND

Ms. Black is a 52-year-old woman with an eighth grade limited education who has worked for 18 years as a hotel maid. In April, 1981, Black was found to be disabled within the meaning of the Social Security Act by an Administrative Law Judge (ALJ).

This disability was retroactive to June 30, 1979. According to the ALJ's decision, Black suffered from the following disabling impairments:

1. A trimalleolar fracture of the left ankle which required surgery and had not become full weight-bearing within one year;

2. Chest pain and a hypersensitive heart condition;

3. Schizophrenia, chronic type, and borderline psychotic symptoms; and

4. Severe pain and numbness in the left ankle.

The ALJ concluded that the combination of exertional and nonexertional impairments lasted over a year and was severe and disabling and prevented Black from engaging in substantial gainful work.

In August, 1982, Black was informed by the Social Security Administration that her period of disability had ceased. The formal cessation determination stated that as of June, 1982, Black had no psychiatric impairment, no end-organ damage from hypertension, and that although her left ankle showed osteoarthritic changes on x-ray, Black was able to move about and was capable of performing unskilled work of the "light" exertional level such as laundry folder and clothes steamer.

In September, 1982, Black's requested reconsideration of cessation of disability payments was denied. Pursuant to Black's request, a hearing was held before an ALJ in March, 1983, at which Black and her attorney appeared. The ALJ determined that Black's disability insurance payments had properly been terminated. In so concluding, the ALJ found:

... 3. That claimant suffers from the impairments of pain from ankle fracture, limitation of motion of the left ankle, crepitations of the knees with limitation of motion, hypertension, anxiety, and depression, but that none of these impairments is now or has been severe since June, 1982 ...

This decision became the final decision of the Secretary in August, 1983, when the Appeals Council denied Black's request for review. Black now seeks review in this Court of the Secretary's decision.

## DISCUSSION

A district court's review of a decision by the Secretary in a disability benefits case is limited to a determination of whether substantial evidence is present in the administrative record to support the Secretary's decision. *Whitney v. Schweiker*, 695 F.2d 784, 786 (7th Cir.1982). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971). The Court has the ability to affirm, modify or reverse the Secretary's decision and has the option of remanding the cause for a rehearing. 42 U.S.C. § 405(g).

Black's general argument is that the Secretary's finding that Black's period of disability has ceased is not supported by substantial evidence. Black specifically focuses on the myriad of medications that she has been taking continually since her disability began. Black contends that the ALJ failed to evaluate the effect that these medications have on her ability to work. Black also contends that the ALJ ignored the findings of the Secretary's own examiner regarding Black's mental problems and unreasonably concluded that there is no evidence of psychiatric impairment. Finally, Black contends that the ALJ made no findings as to the combined effect of her individual impairments on her ability to work.

In response to these three specific points, the Secretary contends that the administrative record is devoid of any evidence indicating a restriction on the use of the medication that Black takes. The Secretary also contends that there is substantial evidence to support the conclusion that Black's psychiatric impairment is no longer severe. Finally, the Secretary argues that a consideration of Black's individual impairments does not necessarily lead to a continuation of disability benefits.

In reviewing the administrative record and the ALJ's decision, this Court finds that a reasonable mind would not accept the evidence as adequate to support the ALJ's conclusion that Black is capable of performing work of a "light" exertional level, such as her past work as a hotel maid. *See Richardson,* 402 U.S. at 401, 91 S.Ct. at 1427. This Court agrees with Black's three arguments listed above and finds that these reasons require this Court to remand the matter to the ALJ. These three reasons for remand shall be discussed in detail.

With respect to the first reason, the record shows that Black was prescribed numerous medications between the time of the initial disability approval and the cessation hearing. While the list of specific medications is extensive,[1] the two most notable prescriptions are Aldomet, for high blood pressure, and Valium, for hypertension.

The record contains references to the side effects of Aldomet and Valium, the particular negative effects that they have on Black, and the necessity of increasing the prescription dosages. A form submitted by Black at the ALJ hearing in March, 1983 noted that the side effect of Aldomet and Valium is drowsiness. The *Physician's Desk Reference* (PDR) substantiates that both drugs have this stated side effect.[2] *PDR,* 38th Ed., pp. 1233 and 1673–74 (1984). Dr. Fuh, Black's physician at Fantus Health Center, reported that Black suffered from drowsiness and dizziness as an effect from Aldomet. The ALJ refers to this evidence in his cessation decision. At the cessation hearing Black testified that the medication makes her sleepy and drowsy and that her activities since June, 1979 have been limited to watching television and reading the Bible. Black's cessation hearing statement and the initial ALJ's decision granting disability noted that Black had to be prescribed stronger medication to control multiple chest and leg pains.

Inquiring into the effect that prescribed medications have on a Social Security disability claimant is essential for determining a person's ability to work. *Floyd v. Schweiker,* 550 F.Supp. 863, 867–868 (N.D. Ill.1982). This court finds that the ALJ failed to make such an inquiry regarding Black's ability to return to her job as a hotel maid in light of her continued use of numerous medications. Neither the ALJ's decision, the Secretary-appointed physician's evaluation of Black, nor the Secretary-appointed psychiatrist's evaluation of Black relate Black's known use of multiple medications to her ability to resume work. Thus, this Court is required to remand this matter to the ALJ with directions to explicitly consider and note the effect that the use of prescribed medications have on Black's ability to return to her previous job as a hotel maid or in performing work of the "light" exertional level.

Regarding the second reason for remand, the ALJ found that Black's "psychiatric impairment" was not supported by the psychiatric examination performed by Dr. Kysar, the Secretary-appointed psychiatrist, or by any other evidence. Black was initially placed on disability due in part to schizophrenia, chronic type with poor prognosis, borderline psychotic symptoms of auditory hallucinations, and delusions. Dr. Kysar's psychiatric examination, performed on Black in May, 1982, diagnosed that Black has a "definite history of major af-

---

**1.** Medications listed that Black used between April, 1981, and March, 1983, were:

Aldomet (500 mg. two times per day)
Valium (5 mg. as needed)
Librium (10 mg. one or two per day)
Motrin (400 mg. three or four times per day)
Docusate (100 mg. two times per day)
Diuzepan (5 mg. once a day)
Esidrix (50 mg. once a day)
Atarax (25 mg. four times per day)
Methyldopa (500 ml. two times per day)
Rbuprolen (400 mg. three times per day)
Potassium
Hycochlorothiazide (once a day)

**2.** Valium in particular has the pronounced side effects of drowsiness and fatigue and occasional effects of confusion, depression, vertigo, and blurred vision. The *PDR* cautions against engaging in hazardous occupations requiring complete mental alertness. *PDR* at 1673–74.

fective disorder, depressive type in 1960," but that this disorder has been in remission for twenty years. Dr. Kysar concluded that Black's recent symptoms suggest a "chronic depressive neurosis or in the DSM–III dysthymic reaction."

Since Dr. Kysar's examination of Black was the only psychiatric evaluation included in the administrative record, the findings must be given weight in considering Black's mental condition. Dr. Kysar's report lists Black's daily activities, states her likes and dislikes, and highlights her mental history, but it does not conclude that Black's chronic schizophrenia, psychotic symptoms, or delusions have improved. On the contrary, Dr. Kysar's report concludes that Black's symptoms suggest a "chronic depressive neurosis." Dr. Kysar's report does not relate any of the examination findings to Black's ability to return to work.

The administrative record contains many references to Black's continued suffering from depression, nervousness, and hypertension. At the cessation hearing Black testified that she sees a psychiatrist every two weeks and attends group therapy sessions once a week. She testified that because of her nerves she "jumps" in her sleep. She also testified that she speaks with God and often sees a vision of her deceased father. Reports from medical examinations performed by Black's physician at the Fantus Health Center shortly after her disability benefits were terminated in August, 1982, consistently state that Black suffers from hypertension and nervousness.

Although it is not clear whether the initial ALJ determined that Black had a "psychiatric impairment," it is obvious that Black's mental disorder was given much weight in the initial ALJ's disability determination. This Court agrees that Black's demeanor, responsiveness, and orientation have apparently improved since her first disability hearing in April, 1981, but this Court finds that there is not substantial evidence to adequately support a conclusion that Black's mental disorder has im-

proved to the point at which she may resume her previous work. Thus, this Court is required to remand this matter to the ALJ with directions to consider and note the effect of Dr. Kysar's conclusion and to consider and note the effect that Black's mental condition has on her ability to return to her previous job.

Finally, regarding the third reason for remand, this Court agrees with Black that there are no findings by the ALJ as to the combined effect of Black's impairments on her ability to work. In his decision the ALJ states that Black suffers from the impairments of pain from the ankle fracture, limitation of motion of the left ankle, crepitations of the knees with limitation of motion, hypertension, anxiety, and depression, but the ALJ concludes that none of these impairments is now or has been severe since June, 1982.

It is essential that the ALJ make a well-articulated finding as to the effect of a combination of claimant's impairments. *Stewart v. Harris*, 509 F.Supp. 31, 35 (N.D. Cal.1980). In *Stewart* the ALJ enumerated the claimant's impairments and found that no one impairment was disabling within the Social Security Disability Act. *Id.* at 35. But the *Stewart* court concluded that when a claimant alleges multiple impairments, a Social Security disability claim may lie even though no one impairment is disabling. *Id.* at 35.

In the present case, it is not apparent from the ALJ's decision that the ALJ considered all of Black's impairments in combination. This type of consideration is especially crucial considering the dual physical and mental nature of Black's impairments. Thus, this Court is required to remand this matter to the ALJ with directions to consider all of Black's physical and mental impairments in combination and to relate these combined impairments to Black's ability to return to work as a hotel maid.

## CONCLUSION

For the reasons stated herein, it is apparent that the determination of the ALJ is not supported by substantial evidence.

Therefore, the parties' cross-motions for summary judgment are denied and the matter is remanded to the Secretary for further proceedings consistent with this order.

IT IS SO ORDERED.