**Sollie BOONE, Plaintiff,**

v.

**SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant.**

Civ. No. 83–CV–4637–DT.

United States District Court, E.D. Michigan, S.D.

Oct. 5, 1984.

Richard M. Amsbaugh, Detroit, Mich., for plaintiff.

Karl Overman, Asst. U.S. Atty., U.S. Dept. of Justice, Detroit, Mich., for defendant.

## OPINION

THORNTON, District Judge.

This is an action filed under Section 205(g) of the Social Security Act, as amended, 42 U.S.C. § 405(g) to review a final decision of the Secretary of Health and Human Services denying plaintiff's application for disability benefits. Plaintiff filed a motion for summary judgment, the Magistrate issued his Report and Recommendation that the Secretary's decision be affirmed and plaintiff filed objections thereto.

Plaintiff argues that the Administrative Law Judge's application of Rules 202.10 and 202.11 of the grid regulations was erroneous as there was not substantial evidence in the record to support the Administrative Law Judge's finding that plaintiff is not illiterate. He states that correct application of Rule 202.09 results in a finding the plaintiff is disabled and entitled to benefits.

The Magistrate acknowledged that there was "... the possibility, which I concede to be substantial, that the Law Judge's finding regarding illiteracy may be flawed". Magistrate's Report and Recommendation, page 3. He concluded, however, that due to plaintiff's nonexertional impairments, the grid regulations serve only as a guideline.

The Administrative Law Judge concluded that plaintiff had a severe respiratory impairment which limited his residual functional capacity to light exertional level precluding his return to the construction industry. He also concluded that plaintiff's respiratory condition demonstrated a nonexertional limitation precluding plaintiff from working in dusty environments (Tr. 14).

The Administrative Law Judge concluded that plaintiff, age 50, had a severe impairment, was closely approaching advanced age and had no transferable skills (Tr. 14–15).

He also concluded that plaintiff's seventh grade education warranted a finding of "limited education" as there was no evidence of illiteracy (Tr. 14–15).

■ As the Magistrate suggested, this finding of illiteracy is flawed. This Court agrees with the court in *Bailey v. Heckler,* 576 F.Supp. 621, 623 (D.D.C.1984) that a claimant's grade level completion is not conclusive evidence of his educational abilities. 20 C.F.R. § 404.1564(b) (1981). Under the regulations, a claimant's grade level gives rise to an inference of his educational abilities which may be contradicted by other evidence. 20 C.F.R. § 404.1564(b) (1981). Illiteracy, 20 C.F.R. 404.1564(b)(1) is defined as:

> Illiteracy means the inability to read or write. We consider someone illiterate if the person cannot read or write a simple message such as instructions or inventory lists even though the person can sign his or her name. Generally, an illiterate person has had little or no formal schooling.

At the hearing, the Administrative Law Judge questioned plaintiff as to his educational abilities:

> "Q. (By ALJ) ... Can you read and write okay?
>
> A. No.

Q. Well, what do you have problems doing?

A. Well, I have problem trying spell, you know, if-a-you know try to read. I don't have no kind-a-read-in'. I can't write, I don't have no-a-I can't write a letter-letter.

Q. Could you write a note telling me where you went if you left the house for awhile, could you tell me where you went, in a note?

A. No, I tell you the truth.

Q. What about reading, can you read a newspaper?

A. No.

Q. Can you read a simple letter that somebody sends to you?

A. No, my daughter have to me."

(Tr. 34–35).

This evidence of illiteracy is further buttressed by the record which is replete with references indicating that plaintiff's forms and applications were completed by others and that plaintiff needs his daughter's assistance in processing his claim. This Court must conclude that there was not substantial evidence in the record to support the Administrative Law Judge's conclusion that plaintiff has a limited education. Rather, the evidence strongly supports the conclusion that plaintiff is illiterate.

The Magistrate correctly noted that where nonexertional limitations are the focus of a claimant's impairment, the grid serves only as a guideline. *Kirk v. Secretary*, 667 F.2d 524 (6th Cir.1981). However, that is not the situation presented to the Court in this case.

Under 20 C.F.R. Subpart P, Appendix II, § 200.00(e) (1981), a claimant's nonexertional limitations become the focus of his impairment only after it is determined that his exertional limitations do not warrant a finding of disability:

> However, where an individual has an impairment or combination of impairments resulting in both strength limitations and nonexertional limitations, the rules in this subpart are considered in determining *first* whether a finding of disabled may be possible based on the strength limitations alone and, *if not,* the rule(s) reflecting the individual's maximum residual strength capabilities, age, education, and work experience provide a framework for consideration of how much the individual's work capability is further diminished in terms of any types of jobs that would be contraindicated by the nonexertional limitations. (Emphasis added).

The disability decision must consider plaintiff's residual functional capacity limited to light work, his proximity to advanced age, his lack of transferable skills and his illiteracy. 20 C.F.R. Subpart P, Appendix II, § 200.00(d) (1981). This requires application of Table 2, Rule 202.09 which results in a determination of disability.

Accordingly, the decision of the Secretary denying disability benefits in this case is reversed and plaintiff's Motion for Summary Judgment is GRANTED.